■ JOHN BAUERNFEIND et al., Appellants, v ALBANY MEDICAL CENTER HOSPITAL et al., Respondents.—Mercure, J. Appeal

from an order of the Supreme Court (Conway, J.), entered October 12, 1988 in Albany County, which, *inter alia,* denied plaintiffs' motion to vacate a prior order of said court dismissing the complaint for failure to prosecute.

Plaintiffs, John Bauernfeind (hereinafter decedent) and Sondra Bauernfeind (hereinafter plaintiff), commenced this action in November 1985 to recover for personal injuries and derivative damages alleged to have been sustained as the result of malpractice committed in defendants' medical treatment of decedent. Decedent died in February 1986; plaintiff was appointed administratrix of his estate and moved to amend the complaint to add a cause of action for wrongful death.[1] Supreme Court denied the motion, finding that plaintiff had failed to present competent evidence of a causal relationship between the claimed malpractice and decedent's death, but granted plaintiff "leave to renew on proper papers".

Although the record is by no means clear, it appears that as of June 1987 the lawsuit had made little progress toward trial and plaintiff's attorneys had repeatedly voiced a desire to discontinue the action or be relieved as counsel. At a case management conference conducted June 16, 1987, Supreme Court granted plaintiff's attorneys a period of 10 days in which to move to be relieved as counsel upon condition that the complaint would be dismissed if the motion was not timely made. By letters dated July 9, 1987 and August 31, 1987, both copied to plaintiff's attorneys, defendants' attorneys advised Supreme Court that plaintiff's attorneys had not moved to be relieved as counsel and requested that the complaint be dismissed as a result. Nothing in the record indicates that plaintiff was placed on notice of this application. By order entered September 22, 1987, Supreme Court dismissed the complaint on the merits "for failure to prosecute". In August 1988, plaintiff moved to vacate the order of dismissal and to renew the prior motion to amend the complaint to add a wrongful death cause of action. The motion was denied in its entirety, due to plaintiff's failure to show reasonable excuse

---

1. Although both plaintiffs' and defendants' briefs allege that plaintiff, as administratrix of decedent's estate, also moved for substitution pursuant to CPLR 1021, our review of the record discloses no such motion. In any event, it is undisputed that plaintiff has not been substituted. However, this jurisdictional impediment was not raised by any party in Supreme Court or in this court and is deemed waived due to plaintiff's active participation in the litigation *(see, Silvagnoli v Consolidated Edison Employees Mut. Aid Socy.,* 112 AD2d 819, 820).

for the default or merit to the causes of action asserted in the complaint.[2] Plaintiff appeals.

We find no grant of authority in statute or rule for the dismissal of a complaint under the circumstances present here and, accordingly, reverse. The record discloses no default in pleading *(see,* CPLR 3012 [b]), discovery *(see,* CPLR 3126 [3]) or in proceeding to trial *(see,* CPLR 3215 [a]), and Supreme Court lacks the power to dismiss a complaint for "general delay" *(see, Ciminelli Constr. Co. v City of Buffalo,* 110 AD2d 1075, 1076, *appeals dismissed* 65 NY2d 1053). If defendants were aggrieved by plaintiff's dilatory conduct, the appropriate remedy was to serve a 90-day demand to file a note of issue (CPLR 3216 [b] [3]) and, upon noncompliance, to move to dismiss the complaint pursuant to CPLR 3216 (a). The conditions precedent to CPLR 3216 must, however, be complied with strictly *(see, Ciminelli Constr. Co. v City of Buffalo, supra).* Moreover, defendants could have moved to compel a substitution of attorneys pursuant to CPLR 321 (b) (2) upon notice to plaintiff, and Supreme Court had available to it the option of imposing a sanction for plaintiff's attorneys' noncompliance with its conference order *(see,* 22 NYCRR 202.12 [f]). Although we can fully appreciate Supreme Court's frustration, Supreme Court lacked authority to dismiss the action because plaintiff was not in default and was not given notice of her attorneys' request to withdraw *(see, J.C.S. Design Assocs. v Vinnik,* 85 AD2d 572, 573). The order of dismissal was, thus, a nullity and must be vacated *(see, Firemen's Fund Ins. Co. v Dietz,* 110 AD2d 1083, 1084). As a final matter, plaintiff did come forward with competent evidence of a causal relationship between defendants' claimed malpractice and decedent's death on the renewed motion. Therefore, the motion to amend the complaint should have been granted.

Order reversed, on the law, without costs, Sondra Bauernfeind, as administratrix of the estate of plaintiff John Bauernfeind, substituted as plaintiff in the place of said John Bauernfeind, nunc pro tunc, and plaintiffs' motion to vacate the order of Supreme Court entered September 22, 1987 and for leave to amend the complaint granted. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.

■ In the Matter of the Claim of ELPIDIO VALVERDE, Re-

---

2. The issue of whether plaintiff's motion to vacate was a timely or appropriate challenge to the order dismissing the complaint was not raised by defendants in Supreme Court or in this court and shall not, accordingly, be considered.