(June 17, 1999)

■ Joseph Iocovello et al., Appellants, v Weingrad & Weingrad, P. C., et al., Respondents. [691 NYS2d 520] —Order, Supreme Court, New York County (Carol Huff, J.), entered

April 15, 1998, which, *inter alia*, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), unanimously reversed, on the law, without costs, defendants' motion denied, and the complaint reinstated.

A litigant whose cause of action was not yet time-barred on September 4, 1996, the effective date of the amendment to CPLR 214 (6) shortening the Statute of Limitations for all non-medical professional malpractice claims from six to three years, but was immediately time-barred by the new limitation is entitled to a reasonable period of time to commence his or her action (*Coastal Broadway Assocs. v Raphael*, 246 AD2d 445). We find that here, where the action would have been governed by the six-year limitation period under the prior statute (*see, Santulli v Englert, Reilly & McHugh*, 78 NY2d 700), and was commenced eight months after the effective date of the amendment and five weeks after expiration of the newly imposed three-year Statute of Limitations, the action was filed within a reasonable time and the court erred in dismissing it as untimely (*see*, Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214:6, 1999 Pocket Part, at 156).

Furthermore, we reject defendants' alternative argument that, even if their action was timely commenced, plaintiffs have failed to state a cause of action.

A plaintiff alleging legal malpractice is required to show (1) the existence of an attorney-client relationship, (2) negligence on the part of the attorney or some other conduct in breach of the relationship, (3) that such conduct was the proximate cause of the injury to plaintiff, and (4) that "but for" such malpractice, the plaintiff would have been successful in the underlying litigation (*see, L.I.C. Commercial Corp. v Rosenthal*, 202 AD2d 644, *lv dismissed* 84 NY2d 841). Here, the gravamen of plaintiffs' malpractice claim is that defendants, who represented plaintiffs in the underlying action for personal injuries, failed to introduce available documentary evidence demonstrating that plaintiff Joseph Iocovello had missed more than 90 days of work following the automobile accident that was the subject of that action and that, as a result, the jury in that action found that plaintiffs had not met the threshold requirement of demonstrating a serious injury within the meaning of Insurance Law § 5102 (d).

Defendants contend that plaintiffs have not set forth sufficient allegations to establish, if proven, that "but for" their failure to present this documentary evidence, plaintiffs would have prevailed in that litigation. Defendants cite to the jury's

negative response to the following interrogatory in the underlying matter: "Did plaintiff * * * as a direct result of this accident sustain an injury which prevented him from performing substantially all of the material actions which constitute his usual and customary daily activities for not less than ninety (90) days during the one hundred eighty days immediately following the accident?"

We reject defendants' contention that the jury's response must have rested on its conclusion that plaintiff's incapacity and resulting absence from work was not caused by his injury and that further evidence of that absence was therefore irrelevant to the outcome. The jury's answer could just as logically have resulted from its failure to credit plaintiff's testimony that he was incapacitated for the requisite period of time. In that instance, there could be a causal connection between defendants' failure to submit the subject documentary evidence to the jury and the verdict. Concur—Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ.