■ Peter Rachimi, Appellant, v Robinson Brog Leinwand Greene Genovese & Gluck, P. C., Formerly Known as Robinson Brog Leinwand Reich Genovese & Gluck, P. C., et al., Respondents. [700 NYS2d 472] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered February 5, 1999, which, in this legal malpractice action, granted the motion to dismiss the complaint as time-barred, pursuant to the 1996 amendments to CPLR 214 (6), unanimously affirmed, without costs.

Plaintiff commenced this action more than four years subsequent to the accrual of his legal malpractice claims and more than 10 months after the 1996 amendments to CPLR 214 (6) made clear that, whether sounding in tort or contract, a legal malpractice action must be commenced within three years of accrual. Under the circumstances presented, where plaintiff has demonstrated neither reason for the delay, nor reliance upon the prior Statute of Limitations, we do not find it violative of due process to dismiss the complaint as time-barred (*see, Alston v Transport Workers Union*, 225 AD2d 424). We are aware that this Court recently reversed the dismissal of a complaint where the delay in bringing suit was for a period of eight months after enactment of the afore-cited amendment (*Iocovello v Weingrad & Weingrad*, 262 AD2d 156). In that case, however, the Court noted in mitigation that the complaint, which would have been timely as of the effective date of

the subject amendment, was filed within five weeks after expiration of the new Statute of Limitations. The present action, by contrast, became time-barred on the new statute's effective date. Under the present circumstances, in which plaintiff, without palpable excuse, waited over 10 months after his malpractice claim became time-barred to commence his action, we find no constitutional impediment to dismissal. Concur—Sullivan, J. P., Rosenberger, Tom, Mazzarelli and Wallach, JJ.