OPINION OF THE COURT
 

 Levine, J.
 

 On September 4, 1996, the Governor signed into law a statute amending CPLR 214 (6) to shorten the limitations period in nonmedical malpractice claims to three years “regardless of whether the underlying theory is based in contract or tort” (CPLR 214 [6], as amended by L 1996, ch 623). The amendment was to “take effect immediately’ (L 1996, ch 623, § 2). In each of these appeals, the malpractice actions were brought
 
 *298
 
 under a contract theory of recovery upon claims which accrued prior to the effective date of the amendment but were not interposed until after that date. In all four cases the Appellate Division applied the new, shortened limitations period to the previously accrued claims, and held that the suits were time-barred.
 

 Brothers et al. v Florence
 
 involves a legal malpractice claim that accrued on August 24, 1992. The action was commenced on April 23, 1998 — nearly 20 months after the amendment’s effective date and five years and eight months after the cause of action accrued.
 
 Easton v Sankel et al.,
 
 is also a legal malpractice action. Without further specificity, the courts below determined that the plaintiff’s claim accrued as of April of 1993. Plaintiff commenced the action on June 15, 1998, more than 21 months after the effective date of the new limitations period and over five years after the claim accrued. In
 
 Rachimi v Robinson Brog Leinwand Greene Genovese & Gluck et al.,
 
 plaintiff commenced a legal malpractice action against defendants on July 28, 1997, more than 10 months after the amendment’s effective date and over four years after the cause of action accrued.
 
 Early v Rossback et al.
 
 involves a claim for malpractice in connection with defendants’ performance of real estate appraisals. The courts below found that the cause of action accrued January 19, 1994. Plaintiff did not commence the action until April 2, 1997, nearly seven months after the amendment’s effective date and over three years from accrual.
 

 There is one potentially significant distinction between
 
 Early v Rossback et al.
 
 and the other three cases. In
 
 Early,
 
 the shortened limitations period did not immediately render the action time-barred. Rather, because that claim had accrued on January 19, 1994, the plaintiff still had until January 19, 1997— over four months after the amendment’s effective date — in which to commence the action under the shortened limitations period. Conversely, in the remaining three cases, plaintiffs’ causes of action would have been immediately time-barred as of September 4, 1996, under the new, three-year Statute of Limitations.
 

 I.
 

 The first issue to be addressed is that raised by the appellants in
 
 Brothers,
 
 that the Legislature never intended that the amendment to CPLR 214 (6) should apply to bar claims which accrued prior to, but were not commenced until after, the effective date of the amendment. The key in determining the
 
 *299
 
 “temporal reach” of a statute is in ascertaining the legislative intent
 
 (Lindh v Murphy,
 
 521 US 320, 326). While interpretation must begin with an examination of “the language itself’'
 
 (Majewski v Broadalbin-Perth Cent. School Dist.,
 
 91 NY2d 577, 583), where a statute does’not expressly address the issue, “ ‘the reach of the statute ultimately becomes a matter of judgment made upon review of the legislative goal’ ”
 
 (Matter of OnBank & Trust Co.,
 
 90 NY2d 725, 730 [quoting
 
 Matter of Duell v Condon,
 
 84 NY2d 773, 783]).
 

 Here, the Legislature failed to indicate expressly whether this statute was to apply only to those claims accruing after its enactment or to extend also to prior accrued claims. Several factors, relied upon in our precedents, convince us that it was the intention of the Legislature that the amendment was to apply to claims which had accrued before its effective date and, in that sense, have retroactive effect.
 

 First, the law states that it is to “take effect immediately” (L 1996, ch 623, § 2). While this language is not alone determinative, it does “ ‘evince [ ] a sense of urgency’”
 
 (Majewski v Broadalbin-Perth Cent. School Dist., supra,
 
 at 583 [quoting
 
 Becker v Huss Co.,
 
 43 NY2d 527, 541]). Second, it is clear from the legislative history that the purpose behind the statute was to rewrite a judicial interpretation of the nonmedical malpractice Statute of Limitations and to “reaffirm” the original legislative intent for a universally applied three-year limitations period in all malpractice cases other than those brought against professional health care providers
 
 (see,
 
 Sponsor’s Mem, Bill Jacket, L 1996, ch 623, at 6 [“The legislature * * * had originally expressed its intent in enacting the statute of limitations for actions for general malpractice in CPLR Section 214 (6) to be three years * * * (i)t is essential that Section 214 (6) of the CPLR be amended to reaffirm the legislative intent”]). That role of the new legislation suggests an intent that it should apply to claims that accrued before its effective date. “In an analysis of retroactive application, we have found it relevant when the legislative history reveals that the purpose of new legislation is to clarify what the law
 
 was always meant to say and
 
 do”
 
 (Majewski v Broadalbin-Perth Cent. School Dist., supra,
 
 at 585 [citing
 
 Matter of OnBank & Trust Co., supra,
 
 90 NY2d, at 731] [emphasis supplied]).
 

 Third, the legislative history manifestly reveals a determination that six years was an unduly prolonged limitations period and required remediation. In support of the amendment, it was pointed out that the change would have the effect of reduc
 
 *300
 
 ing potential liability for insurers and corresponding malpractice insurance premiums (Letter from NY State Ins Dept [July 16, 1996], Bill Jacket, L 1996, ch 623, at 9-10), and would restore a reasonable symmetry with respect to the length of time within which all professionals would be exposed to suit for malpractice (Legis Report No. 76-B of NY State Bar Assn. Bill Jacket, L 1996, ch 623, at 13-14 [“there is no rationale for subjecting professional malpractice by an architect, engineer, lawyer, or accountant to a statute of limitations over twice as long as that applied to doctors, dentists and podiatrists”]).
 

 Finally, the amendment was seen as necessary to remediate the impact of this Court’s decisions in
 
 Sears, Roebuck & Co. v Enco Assocs.
 
 (43 NY2d 389) and
 
 Santulli v Englert, Reilly & McHugh
 
 (78 NY2d 700), where the Court held that nonmedical malpractice claims, when based upon a contract theory, were governed by the six-year limitations period applicable to contract actions
 
 (see,
 
 Legis Report No. 76-B,
 
 op. cit,
 
 Bill Jacket, L 1996, ch 623, at 13). Thus, here, just as in
 
 Matter of OnBank,
 
 “[t]he remedial purpose of the amendment would be undermined if it were applied only prospectively”
 
 (Matter of OnBank & Trust Co., supra,
 
 90 NY2d, at 731).
 

 Therefore, we conclude that the Legislature intended that this amended limitations period should apply not only to causes of action accruing after its effective date but also to previously accrued claims not yet interposed by that date.
 

 II.
 

 Next we address the constitutional challenge by three of the appellants, that application of the shortened limitations period to previously accrued causes of action constitutes a violation of Procedural Due Process under the Fourteenth Amendment. We reserve for later discussion the constitutional challenge raised by appellant in
 
 Early v Rossback et al.,
 
 where four months still remained to bring suit under the new limitations period.
 

 As previously noted, in
 
 Brothers, Easton
 
 and
 
 Rachimi,
 
 the application of the shortened limitations period would result in an immediate time bar as of the effective date of the amendment. A potential litigant has no vested interest in, or right to, a specific limitations period
 
 (see, Terry v Anderson,
 
 95 US 628, 633;
 
 Gilbert v Ackerman,
 
 159 NY 118, 124). When, however, a limitations period is statutorily shortened, or created where none existed before, Due Process requires that potential litigants be afforded a “reasonable time * * * for the commencement of an action before the bar takes effect”
 
 (Terry v
 
 
 *301
 

 Anderson,
 
 95 US 628, 632-633, supra;
 
 accord, Gilbert v Ackerman,
 
 159 NY 118, 124,
 
 supra; Wilson v Iseminger,
 
 185 US 55, 62-63;
 
 Block v North Dakota ex rel. Board of Univ. & School Lands,
 
 461 US 273, 286, n 23;
 
 United States v Morena,
 
 245 US 392, 397).
 

 If the Legislature expressly sets a reasonable grace period for suit after the effective date of a reduced or new limitations period, its determination of what constitutes a reasonable time is entitled to deference in the absence of some “palpable error”
 
 (Terry v Anderson, supra,
 
 95 US, at 633;
 
 accord, Gilbert v Ackerman, supra,
 
 at 124). Where, as here, however, there is no legislatively prescribed grace period, a court may uphold the constitutional validity of the retrospective application of the new statute by interpreting it as authorizing suits upon otherwise time-barred claims within a reasonable time after the statute’s effective date
 
 (see, Romano v Romano,
 
 19 NY2d 444;
 
 United States v Morena,
 
 245 US 392,
 
 supra; see also, Block v North Dakota ex rel. Board of Univ. & School Lands, supra,
 
 461 US, at 286, n 23).
 

 In
 
 Romano v Romano,
 
 our Court read a statute (which, when applied to a previously accrued cause of action, would have served as an immediate time bar) to provide for a reasonable time in which to commence an action, notwithstanding the Legislature’s failure itself to prescribe a grace period.
 
 Gilbert v Ackerman
 
 (159 NY 118, supra) is not inconsistent. There the defendant, in seeking application of a new Statute of Limitations to a previously accrued cause of action, urged only that the four-month period between enactment and the statute’s effective date afforded the plaintiff a reasonable time to bring the action. The defendant in
 
 Gilbert
 
 did not ask this Court to determine a reasonable time to sue
 
 after
 
 the effective date, as in the instant case. Thus, the
 
 Gilbert
 
 decision, in rejecting the consideration of any time to sue before the effective date of the shortened Statute of Limitations to uphold the validity of the statute, does not conflict with
 
 Romano
 
 and the Supreme Court precedents.
 

 III.
 

 As our previous discussion explains, this Court may uphold the validity of the application of the 1996 amendment to CPLR 214 (6) to previously accrued claims by affording otherwise time-barred litigants a reasonable opportunity thereafter in which to bring suit. This may be accomplished in two alternative ways. First, on a case-by-case basis the Court may make
 
 *302
 
 an individualized determination whether the delay in interposing the claim after the effective date of the shortened Statute of Limitations was “reasonable” — meaning that the period of delay was no longer than the time necessary to provide a reasonable opportunity to sue in the particular case (see,
 
 e.g., Romano v Romano, supra; Iocovello v Weingrad & Weingrad,
 
 262 AD2d 156;
 
 Lefkowitz v Preminger,
 
 261 AD2d 447;
 
 Coastal Broadway Assocs. v Raphael,
 
 246 AD2d 445).
 

 The other approach is for the Court to make a balanced determination of what definite time period would fairly be necessary to afford a reasonable opportunity to interpose the type of claim affected by the new Statute of Limitations, and then apply that period generally to all otherwise time-barred suits on such claims. The Federal Circuit Courts of Appeals have uniformly adopted that alternative in cases involving the imposition for the first time of a one-year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA) (Pub L 104-132, 110 US Stat 1214, codified at 28 USC § 2244 [d]; § 2255) for filing habeas corpus and other post-judgment challenges to State and Federal convictions. Those courts opted for a flat one-year grace period after AEDPA’s effective date for commencement of such post-conviction proceedings rather than determining reasonableness on a case-by-case basis (see,
 
 e.g., Hyatt v United States,
 
 207 F3d 831 [6th Cir];
 
 Rogers v United States,
 
 180 F3d 349, 354 [1st Cir];
 
 Nichols v Bowersox,
 
 172 F3d 1068 [8th Cir] [en banc];
 
 Goodman v United States,
 
 151 F3d 1335, 1337 [11th Cir];
 
 Ross v Artuz,
 
 150 F3d 97, 101 [2d Cir];
 
 Brown v Angelone,
 
 150 F3d 370 [4th Cir];
 
 United States v Flores,
 
 135 F3d 1000, 1006 [5th Cir];
 
 Burns v Morton,
 
 134 F3d 109 [3d Cir];
 
 Calderon v United States Dist. Ct. for Cent. Dist. of Cal.,
 
 128 F3d 1283, 1287 [9th Cir];
 
 Lindh v Murphy,
 
 96 F3d 856, 866 [7th Cir] [en banc],
 
 revd on other grounds
 
 521 US 320,
 
 supra).
 

 The reasoning of the Federal courts in rejecting the ad hoc means of preserving the constitutionality of the new Statute of Limitations in AEDPA is persuasive. Specifically, the shortcomings of a case-by-case approach are that it fails to provide adequate and clear notice and guidance to potential litigants, as well as to lower courts, of what might constitute a reasonable time and all but inevitably results in uneven application
 
 (see, Ross v Artuz, supra,
 
 at 101 [concluding that a case-by-case standard “should not be followed, given its lack of guidance to prisoners and the district courts”]). Similarly, the decisions of the Appellate Division under CPLR 214 (6) as
 
 *303
 
 amended, in determining what time period was needed to give the plaintiff a reasonable opportunity to sue in the particular case, have not articulated any principled basis to guide trial courts
 
 (see, e.g., Iocovello v Weingrad & Weingrad,
 
 262 AD2d 156,
 
 supra
 
 [eight months reasonable];
 
 Lefkowitz v Preminger,
 
 261 AD2d 447,
 
 supra
 
 [six months and one day not reasonable];
 
 Coastal Broadway Assocs. v Raphael,
 
 246 AD2d 445,
 
 supra
 
 [51/2 months reasonable]).
 

 Thus, we opt against case-by-case analysis in favor of a rule that will apply generally to all nonmedical malpractice claims which accrued prior to, and would have been extinguished immediately upon, the 1996 amendment’s effective date.
 

 IV.
 

 Having concluded that we should adopt a specific single grace period governing all nonmedical malpractice actions time-barred under the amendment to CPLR 214 (6) as of its effective date, we must now determine that period consistent with Procedural Due Process.
 

 In doing so, we must consider the importance of the “subject matter” of the claims being curtailed by the new Statute of Limitations
 
 (see, United States v Morena,
 
 245 US 392, 397,
 
 supra).
 
 The appropriate period must also “reconcile legislative goals with constitutional restraints and fairness to litigants” (Alexander, 1997 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214:6, 2000 Pocket Part, at 197). Therefore, we must balance the State interest here, in substantially accelerating the date of repose from malpractice suits for nonmedical professionals, against the legitimate interests of potential litigants in being afforded a fair opportunity to bring their claims after the effective date of chapter 623 of the Laws of 1996. The Federal courts have suggested that the latter factor requires an examination of potential litigants’ legitimate expectations or anticipation of the permissible time to sue on such claims after the effective date of a new period of limitations
 
 (see, Ross v Artuz,
 
 150 F3d 97, 101-102 [2d Cir],
 
 supra; Lindh v Murphy,
 
 96 F3d 856, 866 [7th Cir],
 
 supra).
 

 Applying those criteria in cases where habeas corpus petitions were time-barred by the new one-year limitations period of the AEDPA, Federal appellate courts concluded that a one-year grace period should be left open following the effective date of that act
 
 (see, Ross v Artuz, supra,
 
 at 100-101). Similarly, in determining a reasonable time to sue with respect to the
 
 *304
 
 retroactive effect of newly applicable one and two year Statutes of Limitation in 42 USC § 1983 civil rights actions, the Federal courts have favored adoption of a general rule for determining the grace period in each case, i.e., the shorter of either the time remaining under the former limitations period, or the new limitations period running from its effective date
 
 (see, e.g., Hanner v Mississippi,
 
 833 F2d 55, 59 [5th Cir] [one year];
 
 Usher v City of Los Angeles,
 
 828 F2d 556 [9th Cir] [one year];
 
 Anton v Lehpamer,
 
 787 F2d 1141 [7th Cir] [two years]).
 

 Pointing to the three-year period of limitations fixed by the amendment to CPLR 214 (6), plaintiffs urge adoption of the recommendation of a leading commentator on the CPLR giving an otherwise immediately time-barred plaintiff “the shorter of either six years from the date of accrual (based on then-existing law) or three years from the effective date of the amendment” (Alexander, 1997 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214:6, 2000 Pocket Part, at 196-197). We think a three-year grace period from the effective date of the amendment does not reflect the appropriate balance between the legislative objective and fairness to litigants.
 

 The goal of the Legislature in amending CPLR 214 (6) was immediately to curtail application of a six-year period of limitations in nonmedical malpractice cases resulting from our decisions in
 
 Sears, Roebuck & Co. v Eneo Assocs.
 
 (43 NY2d 389,
 
 supra)
 
 and
 
 Santulli v Englert, Reilly & McHugh
 
 (78 NY2d 700,
 
 supra).
 
 Giving accrued nonmedical malpractice claims the shorter of the time remaining under the former six-year period or three full years from the 1996 amendment’s effective date fails to accomplish the intended result. Indeed, this point is graphically illustrated by both
 
 Brothers
 
 and
 
 Easton.
 
 Adopting the formula urged by plaintiffs to those and similar cases would give all such parties the benefit of the prior six-year period of limitations. Such a result would substantially undermine the legislative intent in enacting this amendment.
 

 Moreover, fairness to litigants whose claims would otherwise be time-barred upon the effective date does not require extending the new Statute of Limitations to the shorter of either six years from accrual or three years from the amendment’s effective date. Considering the emphatic and imperative message that it was “essential that Section 214 (6) of the CPLR be amended to
 
 reaffirm
 
 the legislative intent” that the limitations period for all of these actions should be only three years
 
 (see,
 
 Sponsor’s Mem, Bill Jacket, L 1996, ch 623, at 6 [emphasis supplied]), a rule continuing to give many litigants more than
 
 *305
 
 twice the amount of time in which to bring suit than that afforded medical malpractice plaintiffs would have far exceeded their reasonable expectations.
 

 Thus, upon consideration of the foregoing factors, we think an outside one-year grace period for claims immediately time-barred upon the effective date of the amendment to CPLR 214 (6) strikes the appropriate balance between State and litigants’ personal interests for Procedural Due Process purposes. This resolution comports with the legislative goal and the reasonable expectations of potential claimants. It also gives due consideration to the importance of the “subject matter” of the claims affected by the new period of limitations
 
 (United States v Morena, supra; see, Ross v Artuz, supra,
 
 150 F3d, at 100). Therefore, nonmedical malpractice plaintiffs immediately barred as of the September 4, 1996 effective date of the amendment shall have the shorter of either the remaining time under the former six-year limitations period or one year from that amendment’s effective date in which to commence their actions
 
 (see, e.g., Hanner v Mississippi, supra,
 
 833 F2d, at 59 [arriving at similar conclusion in context of civil rights actions under 42 USC § 1983]).
 

 V.
 

 Early
 
 comes to us in a significantly different posture for purposes of constitutional analysis. That is because the imposition of the new shortened limitations period did not serve as an immediate bar; instead, even under the newly reduced period, plaintiff had four months remaining in which to commence a malpractice action. Because it is deemed, under such circumstances, that the Legislature intended to give only the remaining period of time to commence the action, we simply look to that time interval to determine if it provides a reasonable opportunity to interpose a malpractice claim
 
 (see, e.g., McGuirk v City School Dist.,
 
 116 AD2d 363, 366;
 
 Fink v Shedler,
 
 192 F3d 911, 915-916;
 
 Mega v Holy Cross Hosp., 111
 
 Ill 2d 416, 420-421, 490 NE2d 665, 667 [1986] [“if under the new statute a reasonable time remains, the new period can be applied, without more”]).
 

 In
 
 Early,
 
 however, the four months remaining under the new limitations period was unreasonably brief. Such a drastic curtailment of this plaintiffs right to sue is not dictated in order to fulfill the legislative objective. Furthermore, it was not unreasonable for this plaintiff to have expected to be afforded more than four months to start the action. Indeed, the suit was
 
 *306
 
 pursued with reasonable diligence, actually commenced just over three years after it accrued and seven months after the amendment’s effective date. Time-barring plaintiff in
 
 Early
 
 for a four-month delay also presents a substantial further element of unfairness, in light of the fact that the plaintiffs in the remaining cases, and other potential litigants for whom the new limitations period immediately extinguished their claims, are to be given up to a full year from the amendment’s effective date to sue. Thus, the plaintiff in
 
 Early
 
 would be treated more harshly than litigants who had been far less diligent in pursuing their claims, merely because of the happenstance that those claims had been time-barred upon the effective date of the amendment.
 

 For these reasons, we choose to apply the same bright line rule, giving the plaintiff in
 
 Early,
 
 and other potential litigants whose claims were not immediately extinguished when the amendment went into effect, no less than one year from the amendment’s effective date to bring suit.
 
 *
 

 Thus, the commencement of each action in
 
 Brothers
 
 on April 23, 1998, and
 
 Easton v Sankel
 
 on June 15, 1998 — nearly 20 months and more than 21 months after the 1996 amendment’s effective date, respectively — was not within the one year “reasonable time” period from that September 4, 1996, date. Dismissal of those actions as time-barred was therefore proper and consistent with Procedural Due Process. Conversely, because in
 
 Rachimi
 
 and
 
 Early,
 
 each action was interposed within the one year “reasonable time” period following the effective date of the amendment to CPLR 214 (6) — approximately 10 months and seven months, respectively, from that date— the courts in those cases erroneously dismissed the complaints as time-barred.
 

 Accordingly, in
 
 Brothers et al. v Florence
 
 and
 
 Easton v Sankel et al.,
 
 the orders appealed from should be affirmed, with costs. In
 
 Rachimi v Robinson et al.,
 
 the order appealed from should be reversed, with costs, and the complaint reinstated. In
 
 Early v Rossback et al.,
 
 the order, insofar as appealed from, should be reversed, with costs, and the complaint reinstated as against the Rossback defendants.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley and Rosenblatt concur.
 

 
 *307
 
 In
 
 Brothers v Florence:
 
 Order affirmed, with costs.
 

 In
 
 Early v Rossback:
 
 Order, insofar as appealed from, reversed, with costs, and the motion of the Rossback defendants for summary judgment dismissing the complaint as against them denied.
 

 In
 
 Easton v Sankel:
 
 Order affirmed, with costs.
 

 In
 
 Rachimi v Robinson Brog Leinwand Greene Genovese & Gluck:
 
 Order reversed, with costs, and defendants’ motion to dismiss the complaint denied.
 

 *
 

 Of course, where the new three-year Statute of Limitations would provide nonmedical malpractice plaintiffs more time in which to sue, those plaintiffs are entitled to the benefit of the new statute. Plaintiff in
 
 Early,
 
 whose claim accrued January 19, 1994, does not fall within that category.