Ronald CLARK and Barbara Clark, Individually and as Administrator of the Estate of Kimberly Clark, Plaintiffs–Appellants,

v.

Cheryl Hite SCHERER, Executrix of the Estate of James N. Hite, Defendant–Appellee.

Docket No. 01–7023.

United States Court of Appeals, Second Circuit.

Jan. 3, 2002.

**48**

Joy A. Kendrick, Buffalo, NY, for Plaintiffs–Appellants.

Michael J. Willett, Damon & Morey LLP, Buffalo, NY, for Defendant–Appellee.

Present FEINBERG, OAKES and POOLER, Circuit Judges.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiffs Ronald Clark and Barbara Clark, individually and as administrators for the estate of their daughter, Kimberly Clark, (collectively, the "Clarks"), appeal the November 30, 2000, judgment of the United States District Court for the Western District of New York (William M. Skretny, Judge) dismissing their legal malpractice lawsuit against defendant Cheryl Hite Scherer, executrix of the estate of the Clarks' former attorney, James N. Hite. The Clarks filed a lawsuit in New York State Supreme Court on June 22, 2000, alleging that Hite committed malpractice when he allowed the statute of limitations to lapse on October 17, 1989, in connection with a wrongful death cause of action involving the Clarks' daughter. Because Hite died on January 27, 1999, the Clarks sued Hite's estate. After removing the lawsuit to federal court on diversity jurisdiction grounds, defendant moved to dismiss it pursuant to Fed.R.Civ.P. 12(b)(6) because the applicable three-year statute of limitations had long expired. Plaintiffs opposed the motion, and in a Decision and Order dated November 28, 2000, the district court granted defendant's motion.

On appeal, the Clarks rely on the relatively complicated history of legal proceedings between the parties to argue that the statute of limitations tolled between March 20, 1992, and the date of Hite's death in January 1999. March 20, 1992, was the date that Hite commenced a lawsuit against the Clarks in Buffalo City Court to recover $720 in expenses related to his representation of the Clarks on behalf of their daughter. In response to Hite's complaint, the Clarks served an answer in which they asserted legal malpractice as an affirmative defense, but they did not file the answer in city court. The next significant event in the Hite lawsuit took place on November 3, 1995, when the court on its own motion dismissed the litigation pursuant to N.Y.C.P.L.R. § 3215(c) for Hite's failure to request entry of judgment after the Clarks' default. Several years later, on June 3, 1998, the Clarks attempt-

ed to serve an amended answer on Hite in which they fashioned their malpractice allegation as a counterclaim. Hite refused service because the underlying lawsuit was defunct. Nonetheless, the Clarks in January 1999 filed a motion in Buffalo City Court seeking to vacate the default and leave to file an amended answer. The city court and New York appeals courts rejected the Clarks' attempts to revive the Hite lawsuit. Although Hite died in January 1999, no one ever substituted Hite's estate or legal representative in the pending proceedings, which concluded on August 29, 2000. In the meantime, plaintiffs began the instant lawsuit.

Generally, plaintiffs contend that the three-year statute of limitations applicable to their malpractice lawsuit tolled between the start of the Hite lawsuit in March 1992 and Hite's death in January 1999 because (1) their raising malpractice as an affirmative defense in the Hite lawsuit stopped the clock pursuant to N.Y.C.P.L.R. § 203(e) as long as the Hite lawsuit was pending; and (2) the Hite lawsuit terminated upon Hite's death rather than the Buffalo City Court's dismissal order in November 1995. By excluding this period of time and taking advantage of an additional 18-month exclusion applicable to bringing lawsuits against estates, *see* N.Y.C.P.L.R. § 210(b), plaintiffs argue that their June 2000 lawsuit was timely even though the malpractice cause of action accrued in October 1989. Judge Skretny rejected plaintiffs' claim. We review the district court's ruling pursuant to Rule 12(b)(6) *de novo. Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000).

The following facts relevant to calculation of the statute of limitations are not in dispute: (1) the relevant statute of limitations is three years pursuant to N.Y.C.P.L.R. § 214(6); (2) the malpractice cause of action accrued on October 17,

1989; (3) the statute on the malpractice claim tolled while the Hite lawsuit was pending; and (4) the Clarks received the benefit of the New York Court of Appeals' decision in *Brothers v. Florence,* 95 N.Y.2d 290, 716 N.Y.S.2d 367, 739 N.E.2d 733 (2000), to extend the statute of limitations until at least September 4, 1997. The parties disagree, however, on how long the Hite lawsuit was pending. Defendant claims that the lawsuit ended on November 3, 1995, with the Buffalo city court's dismissal order. As noted above, the Clarks contend that the lawsuit ended with Hite's death in January 1999. The Clarks basically argue that the November 1995 dismissal was erroneous because the city court premised it on their default even though they served an answer on Hite. There is no dispute, however, that the Clarks failed to file their answer with the court. It was not until 31 months after the November 1995 dismissal that the Clarks tried unsuccessfully to revive the Hite lawsuit, and the New York courts uniformly rejected that effort.

 Plaintiffs are precluded from relitigating in federal court their claim that the November 1995 dismissal was erroneous. *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995). Moreover, the district court correctly ruled that the *Rooker–Feldman* doctrine prevents the federal court from reviewing the state court action. *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996). We reject plaintiffs' argument that the state court judgments were void based on the failure to substitute a proper party for Hite after he died because plaintiffs waived any objection to this defect. *See Bauernfeind v. Albany Med. Ctr. Hosp.,* 154 A.D.2d 754, 546 N.Y.S.2d 201, 202 n. 1 (3d Dep't 1989). Finally, we reject the Clarks' argument that *Rooker–Feldman* does not bar this lawsuit by the estate of Kimberly Clark

rather than the Clarks individually because the estate was not part of the fee-related Hite lawsuit. As the district court aptly noted, this argument "completely destroys any tolling claim advanced by the Plaintiffs" because they rely on the Hite lawsuit to exclude considerable periods of time.

We have considered all of plaintiffs-appellants' remaining arguments and find them to be without merit.