■ HONEYMAN POINT BEACH ASSOCIATION, LTD., et al., Appellants, v RUSSELL SCHIFF et al., Respondents. [883 NYS2d 571]—

In an action to recover damages for breach of implied contract and unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated March 7, 2008, as granted those branches of the separate motions of the defendants Jacqueline Bittner and Warren Bittner and the defendants Russell Schiff and Linda Schiff which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them, and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In 1947 the Honeyman Point Subdivision was created and a declaration of covenants and restrictions (hereinafter the declaration) was filed, which gave the subdivision lot owners the exclusive right to use a private beach. In 2005 some of the lot owners paid to replace a bulkhead in the beach area that had deteriorated over time. An action was commenced against the defendant lot owners who refused to contribute to the expense of the new bulkhead, alleging that the grant of the right to use the beach under the declaration created a "corresponding obligation" to share in the costs of maintaining the beach.

The defendants separately moved, inter alia, to dismiss the complaint for failure to state a cause of action, asserting that the declaration provided for the expiration of the right to use the beach prior to the time they purchased their lots. The plaintiffs cross-moved for summary judgment on the issue of liability, asserting that the defendants misconstrued the language in the declaration, and that any "covenants" contained therein, including the right to use the beach, were to be deemed automatically renewed by a stated date unless terminated in writing, which did not occur. The Supreme Court granted those

branches of the defendants' separate motions which were to dismiss the complaint insofar as asserted against them and denied the plaintiffs' cross motion for summary judgment on the issue of liability, finding, inter alia, that the right to use the beach expired pursuant to the terms of the declaration, and that any corresponding duty to maintain the beach was thereby extinguished before the bulkhead was replaced in 2005.

On appeal, the plaintiffs have abandoned their claim that the right to use the beach was automatically renewed upon the absence of a written termination agreement, and they argue for the first time that the right to use the beach did not constitute a "covenant" subject to expiration under the terms of the declaration, but rather an easement that runs with the land and passes to successive lot owners. Contrary to the defendants' contention, this issue may be raised for the first time on appeal because it is one of law which appears on the face of the record and could not have been avoided if it had been raised at the proper juncture (*see Romain v Grant*, 60 AD3d 838, 839 [2009]; *Beepat v James*, 303 AD2d 345 [2003]). However, since the plaintiffs interchangeably referred to the right to use the beach as both a "covenant" and "easement" before the lower court, and relied upon the language in the declaration that they now seek to disavow, they are estopped from raising the new claim, which is inconsistent with the position taken before the Supreme Court (*see Matter of Sbuttoni*, 16 AD3d 693, 694 [2005]; *Kohilakis v Town of Smithtown*, 167 AD2d 513, 514 [1990]). In any event, the language of the declaration did not unequivocally establish an intent to create a right in the nature of an easement rather than a revocable license (*see Willow Tex v Dimacopoulos*, 68 NY2d 963, 965 [1986]). Accordingly, the Supreme Court properly granted the defendants' separate motions to dismiss the complaint.

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.