*671 In a proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of the New York City Water Board dated February 20, 2004, as denied the petitioners’ administrative appeal seeking a reduction in charges on a water and wastewater bill dated September 23, 1998, and a determination of the New York City Water Board dated March 4, 2005, providing only a three-month grace period within which customers could submit claims concerning their bills for water and wastewater charges that would otherwise have been immediately time-barred by the adoption of the four-year limitations’ period set forth in Rules of City of New York Department of Environmental Protection (15 RCNY) Appendix A, part IX, §§ 1-2, the New York City Water Board, City of New York, and New York City Department of Environmental Protection appeal from a judgment of the Supreme Court, Richmond County (Minardo, J.), dated June 16, 2008, which granted the petition to the extent of annulling the determination dated March 4, 2005, as violative of due process, and annulling the determination dated February 20, 2004, on the same ground and remitting the matter to the New York City Water Board for a determination of the merits of the petition, a recalculation of the sums actually due on the bill dated September 23, 1998, and the issuance of a refund to the petitioners, with interest, if warranted.
Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determinations are confirmed, and the proceeding is dismissed on the merits.
On July 29, 2003 the petitioners filed a written complaint with the New York City Department of Environmental Protection (hereinafter the DEP) seeking, inter alia, a reduction in charges on a water and wastewater bill dated September 23, 1998. On December 3, 2003 the DEP determined that the petitioners’ challenge to the bill was time-barred by the four-year limitations’ period on such claims, codified in Rules of City of New York Department of Environmental Protection (15 RCNY) Appendix A, part IX, §§ 1-2, and effective on July 1, 2002. The limitations’ period in question required an administrative complaint challenging an overcharge for water or wastewater discharges to be filed with the DEP within four years of the date of the relevant bill. The petitioners appealed the DEP’s determination to the New York City Water Board (hereinafter the Water Board), which denied the appeal in a determination dated February 20, 2004. The petitioners com *672 menced this CPLR article 78 proceeding to review the Water Board’s determination. The Supreme Court determined that the appellants improperly applied the four-year limitations’ period retroactively. In a decision and order dated December 4, 2007, this Court reversed the Supreme Court’s order insofar as appealed from, finding, among other things, that the retroactive application of the four-year limitations’ period was not illegal, arbitrary and capricious, or irrational (see Matter of Bayley Seton Hosp. v New York City Water Bd., 46 AD3d 553 [2007]). However, we remitted the matter to the Supreme Court, Richmond County, for a determination as to whether a resolution of the Water Board dated March 4, 2005, establishing a three-month grace period for the filing of claims by claimants whose challenges to water and wastewater bills would otherwise have been immediately time-barred by the adoption of the new four-year limitations’ period, was reasonable and complied with due process requirements, or was instead illegal, arbitrary and capricious, or an abuse of discretion. The Supreme Court determined that the resolution failed to comply with due process requirements, and “was ill-advised at the outset, and illusory in practice.” We reverse.
In Brothers v Florence (95 NY2d 290 [2000]), the Court of Appeals, discussing circumstances in which the enactment of a reduced limitations’ period would result in an immediate time bar, stated, “[w]hen ... a limitations’ period is statutorily shortened, or created where none existed before, Due Process requires that potential litigants be afforded a ‘reasonable time . . . for the commencement of an action before the bar takes effect’ ” (id. at 300-301, quoting Terry v Anderson, 95 US 628, 632-633 [1877]).
Since the petitioners’ challenge to the bill dated September 23, 1998 was not immediately time-barred by the enactment of the four-year limitations’ period, under Brothers, the relevant inquiry is not the propriety of the three-month grace period adopted by the resolution dated March 4, 2005, but whether the interval between the enactment of the four-year limitations’ period in July 2002 and the last date on which the petitioners’ claim would have been untimely thereunder—here, almost three months later—provided the petitioners with a reasonable opportunity to interpose a claim (see Brothers v Florence, 95 NY2d at 305). Although the appellants failed to advance this particular contention before the Supreme Court, this issue may be raised for the first time on appeal since it is one of law appearing on the face of the record and it could not have been avoided had it been raised at the proper juncture (see e.g. Honeyman Point Beach Assn., Ltd. v Schiff, 64 AD3d 681 [2009]).
*673 Judicial review of a determination of an administrative agency such as those made here is limited to ascertaining whether the agency’s action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]; Matter of Arceri v Town of Islip Zoning Bd. of Appeals, 16 AD3d 411, 412 [2005]; Matter of Bracke v Zoning Bd. of Appeals of Town of Philipstown, 304 AD2d 663, 663-664 [2003]; Matter of Westmoreland Apt. Corp. v New York City Water Bd., 294 AD2d 587, 588 [2002]). Here, as the appellants correctly observe, the petitioners’ claim was not immediately time-barred when the four-year limitations’ period was first adopted. The interval between the adoption of the four-year limitations’ period on July 1, 2002 and the last date on which the petitioners’ claim would have been untimely thereunder, September 23, 2002, provided the petitioners with a reasonable opportunity to interpose their claim. This interval properly served the goal of immediately curtailing the longer limitations’ period previously in effect, and it did not unfairly curtail the petitioners’ right to pursue their claim (cf. Brothers v Florence, 95 NY2d at 305). We also note the absence here of the element of unfairness discussed in Brothers, where a plaintiff whose cause of action was not immediately time-barred by the adoption of the new, shorter limitations’ period would have had substantially less time within which to assert a claim than those plaintiffs whose claims were immediately time-barred, with the otherwise time-barred plaintiffs enjoying the benefit of a one-year grace period (see id. at 306). Accordingly, since the petitioners failed to assert their claim before the expiration of the newly imposed four-year limitations’ period on September 23, 2002, their challenge to the bill at issue is time-barred.
In light of our determination, we need not reach the petitioners’ remaining contention. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.