■ NAVILLUS TILE, INC., Doing Business as NAVILLUS CONTRACTING, Appellant, v GEORGE A. FULLER COMPANY, INC., et al., Respondents. [920 NYS2d 786]—

In an action, inter alia, to recover damages for unjust enrichment and to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated April 12, 2010, as granted those branches of the motion of the defendant George A. Fuller Company, Inc., which were for summary judgment dismissing the second and third causes of action insofar as asserted against it, and, in effect, searched the record and awarded summary judgment dismissing those causes of action insofar as asserted against the defendants New Rochelle IDA and Safeco Insurance Company of America.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant George A. Fuller Company, Inc., which was for summary judgment dismissing the third cause of action insofar as asserted against it and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof, in effect, searching the record and awarding summary judgment dismissing the third cause of action insofar as asserted against the defendants New Rochelle IDA and Safeco Insurance Company of America; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court had authority to search the record and award summary judgment to the nonmoving defendants (see CPLR 3212 [b]; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 385 [2005]).

The Supreme Court properly awarded summary judgment dismissing the second cause of action alleging unjust enrichment. "It is impermissible . . . to seek damages in an action sounding in quasi contract where the suing party has fully

performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572 [2005]). Although the defendants failed to advance this particular contention before the Supreme Court, this issue may be raised for the first time on appeal, since it is one of law appearing on the face of the record and it could not have been avoided had it been raised at the proper juncture (*see Matter of Bayley Seton Hosp. v New York City Water Bd.*, 66 AD3d 670, 672 [2009]; *Honeyman Point Beach Assn., Ltd. v Schiff*, 64 AD3d 681, 682 [2009]).

However, the Supreme Court erred in awarding summary judgment to the defendants dismissing the third cause of action to foreclose a mechanic's lien on the ground that it was barred by the time limitation clause in the contract between the plaintiff and the defendant George A. Fuller Company, Inc. The one-year time limitation clause expressly applied only to actions "on the contract," and did not extend to an action to foreclose a mechanic's lien (*compare JC Ryan EBCO/H&G, LLC v Lipsky Enters., Inc.*, 78 AD3d 788, 789 [2010]). Skelos, J.P., Belen, Lott and Cohen, JJ., concur.