Mercure, J.P.
Appeal from an order of the Supreme Court (Connolly, J.), entered April 21, 2011 in Albany County, which granted defendants’ motions to dismiss the complaint.
Plaintiff, a self-insured employer, requested reimbursement from defendant Special Disability Fund (hereinafter the Fund) in June 2010 for benefits paid to three claimants who were injured prior to 1994. The Workers’ Compensation Board previously determined that plaintiff was entitled to reimbursement from the Fund pursuant to Workers’ Compensation Law § 15 (8) (d) on these three claims, and plaintiff has been reimbursed numerous times for benefits paid to these claimants. Plaintiffs June 2010 requests, however, were rejected as untimely by defendant Special Funds Conservation Committee — which evaluates section 15 (8) reimbursement requests — pursuant to 2007 legislation reforming the workers’ compensation system. As relevant here, the extensive reforms included amendments to Workers’ Compensation Law § 15 (8) intended to close the Fund by barring new claims and instituting a requirement that requests for reimbursement on established claims be filed by the later of one year after payment of benefits or one year after the effective date of the law, March 13, 2007 (see Workers’ Compensation Law § 15 [8] [h] [2]; § 2 [19], [20]; see generally Matter of Raynor v Landmark Chrysler, 18 NY3d 48, 53 [2011]).
Plaintiff’s June 2010 requests for reimbursement covered payments made between November 2004 and April 2009; it does not dispute that the requests were untimely under the filing deadlines imposed by the 2007 legislation. Rather, in this action, plaintiff asserts claims of actual and constructive trust, conversion and unjust enrichment, and seeks an accounting, injunctive relief and a declaration that the time limitation in Workers’ Compensation Law § 15 (8) (h) (2) (B) is unconstitutional. Supreme Court granted defendants’ motions to dismiss the complaint, prompting this appeal.
*1289 We affirm. At all times relevant here, the Fund was financed by assessments made against insurance carriers, including self-insurers, based upon the total disbursements paid from the Fund in the previous year (see Workers’ Compensation Law § 15 [8] [h] [4]; former [h]). Plaintiff alleges that it had a property interest in the assessments that it paid into the Fund or a contractual right to the money in the Fund itself, and that the time limitation on reimbursement requests that was added by Workers’ Compensation Law § 15 (8) (h) (2) (B) constitutes both an unconstitutional deprivation of that interest without due process of law and a taking without compensation. We disagree, and conclude that Supreme Court properly dismissed the complaint.
Absent any statutory language granting carriers a property right in their assessments or the Fund itself, there is no constitutionally protected property interest therein arising by reason of the fact that the moneys to be used in reimbursing carriers are derived from assessments on them (see Methodist Hosp. of Brooklyn v State Ins. Fund, 102 AD2d 367, 378 [1984], affd 64 NY2d 365 [1985], appeal dismissed 474 US 801 [1985]; cf. Alliance of Am. Insurers v Chu, 77 NY2d 573, 579-580, 585 [1991] [holding that the state could not appropriate to its general fund the earnings or assets of the Property and Liability Insurance Security Fund in light of a prior statute granting contributors to that fund rights in the income generated by their contributions]). Nor does plaintiff point to any statutory language “manifest[ing] a legislative intent to create private rights of a contractual nature enforceable against the State” (Medical Socy. of State of N.Y. v Sobol, 192 AD2d 78, 81 [1993], appeal dismissed 82 NY2d 802 [1993], lv denied 82 NY2d 917 [1994], cert denied 511 US 1152 [1994] [internal quotation marks and citation omitted]; see Methodist Hosp. of Brooklyn v State Ins. Fund, 64 NY2d at 377). Indeed, the statute provides that the assessments are deposited “for the benefit of [the] [F]und” (Workers’ Compensation Law § 15 [8] [h] [4]; former [h]).
To the extent that plaintiff, having received “benefits under statutory and administrative standards defining eligibility for them[,] has an interest in continued receipt of those benefits that is safeguarded by procedural due process” (Board of Regents of State Colleges v Roth, 408 US 564, 576 [1972]; see Methodist Hosp. of Brooklyn v State Ins. Fund, 102 AD2d at 380), we conclude that it received constitutionally adequate process. “In altering substantive rights through enactment of rules of general applicability, a legislature generally provides *1290 constitutionally adequate process simply by enacting the statute, publishing it, and . . . affording those within the statute’s reach a reasonable opportunity both to familiarize themselves with the general requirements imposed and to comply with those requirements” (United States v Locke, 471 US 84, 108 [1985]; see Held v State of New York Workers’ Compensation Bd., 85 AD3d 35, 46 [2011], lv dismissed and denied 17 NY3d 837 [2011], cert denied 566 US —, 132 S Ct 1906 [Apr. 16, 2012]). With respect to legislation that is “retroactive” in the sense that it shortens a limitations period for claims that accrued prior to the statute’s effective date (see Brothers v Florence, 95 NY2d 290, 299-300 [2000]), due process is satisfied when the Legislature expressly sets a “reasonable grace period” (id. at 301). Moreover, courts defer to the Legislature’s determination of what constitutes a reasonable period (see id.). Here, the enactment and publication of the 2007 legislation provided sufficient notice of the statute, and the statutory grace period of at least one year gave plaintiff ample time in which to become familiar with the new limitations period and to comply with it (see id. at 303-305; Held v State of New York Workers’ Compensation Bd., 85 AD3d at 46).
Finally, the statute at issue here did not work a taking of any property right that plaintiff may have had inasmuch as plaintiffs expectation of reimbursement “can continue to be realized as long as [it] complies with reasonable regulatory restrictions the [Legislature has imposed” (United States v Locke, 471 US at 107). That is, it was plaintiff’s own “failure to file on time — not the action of [the Legislature] — that caused [its reimbursement] right to be extinguished” (id.) and, thus, its takings claim fails.
Plaintiffs remaining arguments, to the extent not addressed by our decision, have been considered and found to be lacking in merit.
Rose, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.