Deutsche Bank Trust Co. Ams. v Smith (2025 NY Slip Op 06308)

Deutsche Bank Trust Co. Ams. v Smith

2025 NY Slip Op 06308

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-07805
 (Index No. 20774/08)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
David J. Smith, Jr., appellant, et al., defendants.

James F. Misiano, P.C., Brentwood, NY, for appellant.
Akerman LLP, New York, NY (Chadwick Devlin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant David J. Smith, Jr., appeals from a judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered April 17, 2023. The judgment, insofar as appealed from, upon dismissing the complaint insofar as asserted against that defendant pursuant to CPLR 3215(c), directed that the dismissal was without prejudice and "that Plaintiff is permitted to file a new action as against David J. Smith, Jr. in accordance with Brothers v. Florence, 95 NY2d 290 (2000)."
ORDERED that the judgment is modified, on the law and the facts, by deleting the provision thereof directing "that Plaintiff is permitted to file a new action as against David J. Smith, Jr. in accordance with Brothers v. Florence, 95 NY2d 290 (2000)"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant David J. Smith, Jr.
In May 2008, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant David J. Smith, Jr. (hereinafter the defendant). The defendant defaulted in answering or appearing. In February 2018, the defendant moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. By order dated September 26, 2018, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appealed, and by decision and order dated December 28, 2022, this Court reversed the order insofar as appealed from (see Deutsche Bank Trust Co. Ams. v Smith, 211 AD3d 1012). Thereafter, by judgment entered April 17, 2023, the Supreme Court dismissed the complaint insofar as asserted against the defendant pursuant to CPLR 3215(c), without prejudice. The judgment also directed "that Plaintiff is permitted to file a new action as against [the defendant] in accordance with Brothers v. Florence, 95 NY2d 290 (2000)." The defendant appeals from so much of the judgment as directed that the dismissal was without prejudice and "that Plaintiff is permitted to file a new action as against [the defendant] in accordance with Brothers v. Florence, 95 NY2d 290 (2000)."
Contrary to the defendant's contention, the judgment properly dismissed the complaint insofar as asserted against him without prejudice. It is well-settled that "'a dismissal under CPLR 3215(c) is a dismissal for a failure to prosecute and consequently [is] not a dismissal on the merits or with prejudice'" (Deutsche Bank Natl. Trust Co. v Brathwaite, 197 AD3d 557, 558, [*2]quoting EMC Mtge. Corp. v Smith, 18 AD3d 602, 603).
However, the judgment should not have included the provision directing "that Plaintiff is permitted to file a new action as against [the defendant] in accordance with Brothers v. Florence, 95 NY2d 290 (2000)," as the judgment was entered upon this Court's decision and order dated December 28, 2022 (see Deutsche Bank Trust Co. Ams. v Smith, 211 AD3d 1012), which did not grant such relief to the plaintiff (see e.g. Matter of Dates v Mundt, 4 AD3d 639, 640). "A 'written order [or judgment] must conform strictly to the court's decision,' and in the event of an inconsistency between a judgment and a decision or order upon which it is based, the decision or order controls" (Spier v Horowitz, 16 AD3d 400, 401 [citation omitted], quoting Di Prospero v Ford Motor Co., 105 AD2d 479, 480; see RKO Props., Ltd. v Boymelgreen, 77 AD3d 721, 721). "Such an inconsistency may be corrected either by way of a motion for resettlement or on appeal" (Spier v Horowitz, 16 AD3d at 401; see RKO Props., Ltd. v Boymelgreen, 77 AD3d at 721).
The plaintiff's contentions regarding the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]) are not properly before us.
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court