■ In the Matter of THE DOBBS FERRY HOSPITAL ASSOCIATION, Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Respondent.—In a proceeding pursuant to CPLR article 78, inter alia, to review respondent's determination, dated February 11, 1977, which disapproved petitioner's project upon the basis of a lack of public need, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated October 21, 1977, which denied the application. Judgment reversed and determination annulled, on the law, with costs, and matter remitted to the respondent for reconsideration of the merits of petitioner's application for approval of construction plans. The petitioner operates a hospital located in Dobbs Ferry, New York, and holds an operating certificate for 50 beds. Currently only 39 beds are in use because a portion of the hospital is not fire resistant and is therefore unusable. In 1972 petitioner filed an application with the Department of Health of the State of New York for the construction of a new facility at the same location. It did not seek any extension of the number of beds allowed by its operating certificate. The petitioner received Part I (program) approval and Part II (project concept) approval. Those approvals included a finding of public need by the respondent's staff and a recommendation for approval by the State Hospital Review and Planning Council. On October 15, 1976 the petitioner filed certain final construction documents for Department of Health approval. However, no action was taken on those documents and the petitioner thereafter commenced a proceeding to compel respondent to approve the construction documents. On February 11, 1977, the respondent advised the petitioner, by letter, that the proposed project, previously approved, had been reconsidered and was being disapproved on the basis of a lack of public need. It informed the petitioner that it could request a public hearing. No hearing was requested; instead petitioner commenced this proceeding to review respondent's determination and for an adjudication that it is entitled to proceed with construction of the new facility. We hold that the determination of the respondent, denying approval of construction plans for a hospital project upon the ground of a lack of public need therefor, was arbitrary and capricious because respondent's own regulation does not provide for denial of approval on that ground (see 10 NYCRR 710.10). Petitioner did not have to exhaust its administrative remedies by requesting a public hearing because the reason given for respondent's action in denying approval of the construction documents was patently erroneous as a matter of law. Accordingly, we have directed a remand to the respondent for reconsideration of petitioner's application for approval of construction plans. We note, however, that respondent is authorized to "suspend, limit, modify, or revoke a hospital operating certificate" upon the ground of a lack of public need for that facility (Public Health Law, § 2806, subd 6). Such action requires public notice in local newspapers and a public hearing, if requested by the hospital. Our annulment of respondent's denial of approval is, therefore, without prejudice to his right to proceed to revoke the petitioner's operating certificate pursuant to section 2806 of the Public Health Law. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.