■ In the Matter of WESTMORELAND APT. CORP., Appellant, v NEW YORK CITY WATER BOARD et al., Respondents. [742 NYS2d 892] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Water Board, dated December 2, 1998, which upheld a decision of the City of New York Department of Environmental Protection, that water and sewer charges assessed against the petitioner's property had a rational basis, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated July 5, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith.

The property at issue is located at 40-01 Little Neck Parkway in Queens (hereinafter the property) and owned by Westmoreland Apt. Corp. (hereinafter Westmoreland). Prior to 1989, the property was designated Block 8136, Lot 85, and was billed for water and sewer charges on one account. Due to an oversight by the New York City Department of Finance, the property was not billed for water and sewer charges from July 1, 1989, through March 26, 1998. When the error was discovered, the New York City Department of Environmental Protection (hereinafter the DEP) investigated the matter and found that there

were between nine and 11 accounts associated with the property that had accrued unbilled charges. The DEP revised the billing for the property into seven accounts, one for each building on the property. The DEP also inspected the property and established frontage figures and a fixture count. Then the DEP issued seven bills to Westmoreland for water and sewer charges based on these figures, which totaled $6,000 less than the unbilled charges based on the previous accounts.

Westmoreland appealed these charges to the Deputy Commissioner, and then the Executive Director, of the New York City Water Board (hereinafter the Water Board), alleging that there was no rational basis for the new charges, which resulted in a 350% per year increase over charges as they had been billed through 1989. The Water Board denied Westmoreland's appeal and affirmed the charges associated with the property. Having exhausted all administrative remedies, Westmoreland commenced this proceeding and was granted a hearing by order of the Supreme Court, Queens County dated December 10, 1999, to determine whether there was a rational basis for the respondents' billing determination. On the hearing date, no hearing was held; instead, the court conferenced the matter and requested that the respondents submit additional documentation detailing the manner in which Westmoreland's water and sewer charges were calculated. The court reviewed the material submitted, which included an affidavit from the Executive Director stating that a frontage and fixture count had occurred and the rate schedule used to calculate charges. Thereafter, the Supreme Court denied the petition by judgment entered July 24, 2000. Westmoreland appeals.

Pursuant to Public Authorities Law § 1045-f, the Water Board has the sole authority to set rates for water usage by New York City residents (see Public Authorities Law § 1045-f; *Matter of Village of Scarsdale v Jorling,* 91 NY2d 507; *Perry Thompson Third Co. v City of New York,* 279 AD2d 108). The courts have the power to review the Water Board's determinations and may overturn determinations if the action is arbitrary and capricious, i.e., lacks a rational basis (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231).

Here, there was insufficient evidence in the record to determine whether there was a rational basis for the charges imposed on Westmoreland. Accordingly, we remit the matter to the Supreme Court, Queens County, so that it may hold the hearing that was originally contemplated in order to review the manner in which the challenged rates were calculated and to determine whether there is a rational basis for those rates. Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.