■ In the Matter of Village of Scarsdale et al., Appellants, v New York City Water Board, Respondent. [792 NYS2d 86]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in effect, to review certain determinations of the respondent establishing the methodology for calculating the petitioners' excess water consumption of the City of New York water supply and an action, among other things, for a judgment, in effect, declaring that the respondent's determination as to establishing that methodology was invalid and directing it to calculate excess water consumption based upon the population and annual consumption figures for the entire Westchester County Water District No. 1, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Nicolai, J.), dated July 3, 2003, which, upon a decision of the same court dated May 30, 2003, inter alia, denied the petition, dismissed the proceeding, and declared that the respondent's methodology for calculating the petitioners' excess water consumption of the City of New York water supply is consistent with the Water Supply Act and is not arbitrary or capricious.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to the Water Supply Act, which is codified in Administrative Code of the City of New York § 24-360, municipal corporations or water districts in certain counties, such as the County of Westchester, are entitled to take a particular amount of water from the City of New York water supply system (*see* Administrative Code § 24-360 [e]), which is known as an "entitlement amount." Any water taken in excess of that amount is known as "excess consumption."

The respondent, New York City Water Board (hereinafter the Water Board) is the agency responsible for billing the petitioners for their water consumption (*see* Public Authorities Law § 1045-g [4]; § 1045-j [1]). The petitioners are obligated to pay "fair and reasonable . . . rates" for the water taken (Administrative Code § 24-360 [b]). When determining the charges, the Water Board first calculates the petitioners' entitlement amounts. The Water Board then bills the petitioners for the amount of "entitlement water" they consumed and an increased amount for the "excess water" they consumed.

In this hybrid proceeding and action, the petitioners alleged, inter alia, that the Water Board was improperly calculating their entitlement amounts which resulted in those amounts being lower than they should have been. The petitioners contend, among other things, that the Water Board, in calculating entitlement amounts, should base that calculation on annual rather than monthly consumption figures, and on the population of a larger "geographical unit," such as Westchester County Water District No. 1, of which most of the petitioners are a part, rather than on the populations of individual municipalities. Those particular claims were rejected in a prior, related hybrid proceeding and action commenced by the Village of Scarsdale (*see Matter of Village of Scarsdale v Jorling*, 229 AD2d 101, 111 [1997], *affd* 91 NY2d 507 [1998]), which is binding and determinative in the instant hybrid proceeding and action. In any event, because the Village of Scarsdale was a party to the prior proceeding and action, it is necessarily precluded from seeking such relief here (*see e.g. Ryan v New York Tel. Co.*, 62 NY2d 494 [1984]; *Matter of Reilly v Reid*, 45 NY2d 24 [1978]).

In addition, the petitioners failed to demonstrate that the Water Board's determinations were affected by an error of law, or were arbitrary or capricious (*see* CPLR 7803 [3]; *Matter of Village of Scarsdale v Jorling*, 229 AD2d at 111).

Accordingly, the Supreme Court properly, inter alia, denied the petition, dismissed the proceeding, and declared that the respondent's methodology for calculating the petitioners' excess water consumption of the City of New York water supply is con-

sistent with the Water Supply Act and is not arbitrary or capricious.

The petitioners' remaining contentions either are not properly before this Court (*see Carhuff v Barnett's Bake Shop,* 54 AD2d 969 [1976]), or are without merit. Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.