■ In the Matter of 77 REALTY, LLC, et al., Appellants, v NEW YORK CITY WATER BOARD et al., Respondents. [792 NYS2d 36]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered February 18, 2004, dismissing the petition insofar as it seeks to annul respondent Water Board's imposition of a surcharge on water and sewer service to petitioners' buildings, and further declaring that the surcharge is not unconstitutional, unanimously affirmed, without costs.

We reject petitioners' argument that the surcharge does not further the stated purpose of water conservation. The surcharge was imposed because petitioners neither installed water meters in their buildings nor requested the City to do so by the deadline contained in the applicable rate schedule. While it is true that the mere installation of a water meter at a particular building will not save water as long as the owner of that building can elect to be billed on a frontage rather than metered basis, it also appears that the installation of meters in all New York City buildings is a necessary first step to the conversion to all-metered billing, which will save water. If, as respondents assert without challenge, metered billing results in significantly higher bills than frontage billing, and if metered billing cannot be implemented until all buildings have meters, then the imposition of a surcharge for failing to install a meter by a stated deadline rationally serves the purpose of conservation. The amount of the surcharge—100% of the last annual frontage charge prorated over the period that the property remains

without a meter after the deadline—does not shock our sense of fairness, and there is no merit to petitioners' argument that the surcharge is an unconstitutionally excessive fine (*see Matter of Seril v New York State Div. of Hous. & Community Renewal*, 205 AD2d 347 [1994], *lv denied* 84 NY2d 904 [1994]). Petitioners' argument that respondents violated their own rate schedule by including the wastewater of their water bill in the surcharge was not raised at the administrative level, depriving respondents of an opportunity to make a factual record showing their custom in calculating the surcharges, and we accordingly decline to review it (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554-555 [2000]). We have considered petitioners' other arguments and find them unavailing. Concur—Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.