■ In the Matter of 770 OWNERS CORP./ALLSTATE REALTY ASSOCIATES, Respondent, v CITY OF NEW YORK DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Appellants. [799 NYS2d 263]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the New York City Water Board dated March 30, 2004, which confirmed a determination of the City of New York Department of Environmental Protection dated April 2, 2003, denying the application to cancel a surcharge imposed for failure to install a water meter by June 30, 2000, the appeal is from a judgment of the Supreme Court, Kings County

(Douglass, J.), dated December 20, 2004, which granted the petition and canceled the surcharge.

Ordered that the judgment is affirmed, with costs.

The respondent City of New York Department of Environmental Protection (hereinafter the DEP) announced certain guidelines to enable customers without water meters to avoid the imposition of a surcharge for their failure to have one installed (*see Matter of 77 Realty, LLC v New York City Water Bd.*, 16 AD3d 247 [2005]), by exercising one of two options by June 30, 2000. The first option required notifying the DEP by June 30, 2000, that the customer wanted the DEP to install a water meter. The second option was to utilize a private plumber to install the water meter by June 30, 2000.

The record clearly demonstrated that the petitioners, which owned and managed an apartment building that did not have a water meter, complied with the guidelines. Therefore, the Supreme Court correctly concluded that the determination of the respondent New York City Water Board which confirmed the determination of the City of New York Department of Environmental Protection denying the application to cancel the surcharge was arbitrary and capricious, and properly granted the petition (*see* CPLR 7803 [3]; *Matter of Westmoreland Apt. Corp. v New York City Water Bd.*, 294 AD2d 587 [2002]; *Matter of Hermany Farms v Chapin*, 287 AD2d 565 [2001]; *cf. Matter of Grace Plaza of Great Neck v Axelrod*, 121 AD2d 799 [1986]; *Matter of Dobbs Ferry Hosp. Assn. v Whalen*, 62 AD2d 999 [1978]). Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.