■ In the Matter of AMALGAMATED WARBASSE HOUSES, INC., et al., Appellants, v DAVID B. TWEEDY et al., Respondents. [822 NYS2d 763]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the New York City Water Board dated February 9, 2004 and March 11, 2004, respectively, which denied the petitioners' appeals seeking reductions in charges on water and wastewater bills dated January 13, 1997, January 14, 1997, and May 16, 1997, the petitioners appeal from a judgment of the Supreme Court, Queens County (Price, J.), entered November 9, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new determination in accordance herewith.

On May 12, 1999 a notice promulgated by the New York City Water Board (hereinafter the Board) and posted on its website provided, inter alia, that water and wastewater bills issued before July 1, 1999 had to be challenged within six years of the date of issuance. Sometime in 2002 the Board changed its rules to limit the time within which a complaint had to be filed to four years. On March 4, 2005 the Board issued a resolution providing for a three-month grace period for filing a complaint following the implementation of the four-year limitations period in 2002. The petitioners contend that the respondents improperly applied the four-year limitations period to the complaints they filed in May 2003, rather than the six-year limitations period, since the bills they challenged were issued before July 1, 1999. The petitioners further contend that, in the event the four-year limitations period is applied, the resolution providing for a three-month grace period was not a reasonable amount of time to bring a complaint and violated their right to due process.

The Supreme Court properly determined that the Board's retroactive application of the four-year limitations period within which customers may challenge their water and wastewater bills was not arbitrary, capricious, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Featherstone v Franco*, 95 NY2d 550, 555 [2000]; *Matter of Village of Scarsdale v New York City Water Bd.*, 15 AD3d 590, 591 [2005]; *Matter of L.G.B. Assoc. v New York State Div. of Hous. & Community Renewal*, 292 AD2d 609, 609-610 [2002]; *Matter of Good Samaritan Hosp. v Axelrod*, 150 AD2d 775, 777 [1989]; *see also Matter of BETHCO Corp. v Tweedy*, 7 Misc 3d 1011 [A], 2004 NY Slip Op 51876[U] [2004]). Although the retroactive application of statutes is not favored absent language expressly or by necessary implication requiring it (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584 [1998]), the Board's elimination of the distinction between the application of the limitations period to bills issued prior to the implementation of the relevant rate schedule and those issued thereafter, as well as the legislative history, supports a finding that the four-year limitations period was intended to be applied retroactively (*see Matter of BETHCO Corp. v Tweedy, supra* at *3; *cf. Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102, 106-107 [1997], *affd* 91 NY2d 577 [1998] [elimination of language from earlier version of Omnibus Act, which had explicitly provided for retroactive application, indicated legislative intent that act was not to apply retroactively]).

However, when, as here, a limitations period is statutorily

shortened, or when a limitations period is created where none previously existed, "[d]ue process requires that potential litigants be afforded a 'reasonable time . . . for the commencement of an action before the bar takes effect' " (*Brothers v Florence*, 95 NY2d 290, 300-301 [2000], quoting *Terry v Anderson*, 95 US 628, 632-633 [1877]).

Following entry of the Supreme Court's judgment in this matter and the order in *BETHCO Corp. v Tweedy (supra)*, the Board issued a resolution dated March 4, 2005. We note that although the resolution is dehors the record, it may be considered on appeal as it is a matter of public record, and its existence and accuracy are not disputed (*see Brandes Meat Corp. v Cromer*, 146 AD2d 666, 667 [1989]). Since the Supreme Court was unable to consider whether the resolution was reasonable and complied with the aforementioned due process requirements, or was arbitrary, capricious, or an abuse of discretion, we remit the matter to the Supreme Court, Queens County, for a determination of those issues (*see* CPLR 7803 [3]; *Brothers v Florence, supra* at 301; *Matter of Featherstone v Franco, supra* at 554; *Matter of Westmoreland Apt. Corp. v New York City Water Bd.*, 294 AD2d 587, 588 [2002]; *see also Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]; *Matter of Bracke v Zoning Bd. of Appeals of Town of Philipstown*, 304 AD2d 663, 663-664 [2003]). Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.