■ In the Matter of BAYLEY SETON HOSPITAL et al., Respondents, v NEW YORK CITY WATER BOARD et al., Appellants. [846 NYS2d 641]—

In a proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of the New York City Water Board dated February 20, 2004, as denied the petitioners' administrative appeal seeking a reduction in charges on a water and wastewater bill dated September 23, 1998, the New York City Water Board, City of New York, and New York City Department of Environmental Protection appeal (1) from a judgment of the Supreme Court, Richmond County (Minardo, J.), dated January 5, 2005, which, upon a decision of the same court dated December 21, 2004, in effect, granted so much of the petition as sought a reduction in charges on the water and wastewater bill dated September 23, 1998, and is in favor of the petitioners and against the New York City Water Board in the principal sum of $103,159.25, and (2), as limited by their brief, from so much of an order of the same court dated April 29, 2005, as, upon reargument, adhered to its determination, in effect, granting so much of the petition as sought a reduction in charges on the water and wastewater bill dated September 23, 1998, but, upon vacating so much of the judgment as was in favor of the petitioners and against the New York City Water Board in the principal sum of $103,159.25, directed them to calculate the charges for the period covered by the bill dated September 23, 1998, and to issue any refund due to the petitioners based on those calculations, with interest calculated from the date of payment, if any, made by the petitioners.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a new determination on so much of the petition as sought a reduction in charges on the water and wastewater bill dated September 23, 1998, in accordance herewith.

On July 29, 2003 the petitioners filed a written complaint with the appellant New York City Department of Environmental Protection (hereinafter the DEP) seeking, inter alia, a reduction in charges on a water and wastewater bill dated September 23, 1998 (hereinafter the bill). On December 3, 2003 the DEP determined, among other things, that the petitioners' claim regarding the bill was time-barred because the petitioners did not file a written complaint within four years of the date of the bill. The petitioners appealed this determination to the appellant New York City Water Board (hereinafter the Board). On February 20, 2004 the Board denied the petitioners' administrative appeal and, inter alia, determined that the DEP correctly declined to review the claim regarding the bill, because "it fell outside the four-year complaint filing window." The Board explained that it approved an administrative provision, effective July 1, 2002, requiring that all complaints regarding a water and wastewater bill must be filed with the DEP within four years of the date of the bill, or such bill would not be considered for adjustment (hereinafter the provision). The Board explained that billing complaints received by the DEP on or after July 1, 2002, are evaluated in light of the provision.

The petitioners commenced this CPLR article 78 proceeding to review the Board's determination dated February 20, 2004. The petitioners contended, inter alia, that the appellants improperly applied the four-year limitations period to the complaint they filed in July 2003 regarding the bill. They contended that the provision could not be applied retroactively and that a six-year limitations period was applicable to the bill since that was the limitations period in effect when the bill was issued in September 1998. They also contended that the appellants treated them differently from other, similarly-situated customers by applying the four-year limitations period to their complaint about the bill.

Contrary to the petitioners' assertions, and the Supreme Court's determination, the petitioners failed to show that the appellants' decision to apply the four-year limitations period "neither adhere[d] to [their] own prior precedent nor indicate[d] [the] reason for reaching a different result on essentially the same facts" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 517 [1985]; *see Matter of Civic Assn. of Setaukets*

*v Trotta*, 8 AD3d 482, 483 [2004]). The petitioners therefore failed to meet their burden of establishing that the appellants' actions were arbitrary and capricious, or irrational, on this ground (i.e., that the appellants treated them differently from other similarly-situated customers) (*see Matter of Brannigan v Board of Commrs. of Great Neck Park Dist.*, 273 AD2d 231 [2000]; *Matter of Iannuzzi v Town of Brookhaven*, 258 AD2d 651, 652 [1999]).

Moreover, the retroactive application of the provision's four-year limitations period was not arbitrary and capricious, or irrational (*see* CPLR 7803 [3]; *Matter of Featherstone v Franco*, 95 NY2d 550, 555 [2000]; *Matter of Village of Scarsdale v New York City Water Bd.*, 15 AD3d 590, 591 [2005]; *see also Matter of BETHCO Corp. v Tweedy*, 7 Misc 3d 1011 [A], 2004 NY Slip Op 51876 [U][2004]). Although the Supreme Court did not expressly consider the issue of the provision's retroactive application, we consider this issue, which was properly raised before the Supreme Court (*see e.g. Matter of DePaola v Zoning Bd. of Appeals of Vil. of Dobbs Ferry*, 226 AD2d 371, 372 [1996]), in light of our determinations in *Matter of 38 Park Ave. Assn., LLC v Tweedy* (33 AD3d 807 [2006]) and *Matter of Amalgamated Warbasse Houses, Inc. v Tweedy* (33 AD3d 794 [2006]). Although the retroactive application of statutes is not favored absent language expressly or by necessary implication requiring it (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584 [1998]), the Board's "elimination of the distinction between the application of the limitations period to bills issued prior to the implementation of the relevant rate schedule and those issued thereafter, as well as the legislative history, supports a finding that the four-year limitations period was intended to be applied retroactively" (*Matter of Amalgamated Warbasse Houses, Inc. v Tweedy*, 33 AD3d at 795; *see Matter of 38 Park Ave. Assn., LLC v Tweedy*, 33 AD3d 807 [2006]; *Matter of BETHCO Corp. v Tweedy*, 7 Misc 3d 1011 [A], 2004 NY Slip Op 51876 [U] [2004]).

However, when, as here, a limitations period is statutorily shortened, or when a limitations period is created where none previously existed, "[d]ue process requires that potential litigants be afforded a 'reasonable time . . . for the commencement of an action before the bar takes effect' " (*Brothers v Florence*, 95 NY2d 290, 300-301 [2000], quoting *Terry v Anderson*, 95 US 628, 632-633 [1877]; *see Matter of Amalgamated Warbasse Houses, Inc. v Tweedy*, 33 AD3d at 795-796). The Board issued a resolution dated March 4, 2005 (hereinafter the resolution), in which it provided for a three-month grace period following the

implementation of the four-year limitations period, within which customers whose claims were immediately time-barred by the four-year limitations period could submit their claims. Since the Supreme Court did not address whether the resolution was reasonable and complied with the aforementioned due process requirements, or was arbitrary, capricious, or an abuse of discretion, we remit the matter to the Supreme Court, Richmond County, for a determination of those issues (*see* CPLR 7803 [3]; *Matter of Amalgamated Warbasse Houses, Inc. v Tweedy*, 33 AD3d at 796). Ritter, J.P., Goldstein, Florio and Lifson, JJ., concur.