In the Matter of PISTILLI ASSOCIATES III, LLC, Appellant, v NEW YORK CITY WATER BOARD et al., Respondents. [850 NYS2d 136]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the New York City Water Board dated June 2, 2005, which confirmed a determination of the City of New York Department of Environmental Protection dated February 8, 2005, denying an application to cancel annual water surcharges and certain wastewater charges dependent thereon

imposed for the period commencing July 1, 2000 and ending March 19, 2005, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Taylor, J.), dated April 26, 2006, which denied the petition, determined that the imposition of the annual water surcharges and wastewater charges is authorized by law, and dismissed the proceeding.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof denying the petition and declaring that the imposition by the respondents of the subject wastewater charges for the period commencing July 1, 2000 and ending June 30, 2002, is authorized by law, and substituting therefor a provision granting the petition to the extent of determining that the respondents had no authority to take the amount of water surcharges into account in calculating the petitioner's wastewater charges for the period commencing July 1, 2000 and ending June 30, 2002, and otherwise denying the petition; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the respondent City of New York Department of Environmental Protection for a recalculation, in accordance herewith, of the petitioner's wastewater charges for the period commencing July 1, 2000 and ending June 30, 2002.

Contrary to the petitioner's contention, the imposition of a 100% annual surcharge on the water charges for the petitioner's building for the period commencing July 1, 2000 and ending March 19, 2005, was proper. The surcharge serves as an incentive for property owners of buildings with six or more units in the City of New York to install water meters, and promotes the purpose of conservation of water. Moreover, the amount of the surcharge does not shock the court's sense of fairness, and did not constitute an unconstitutionally excessive fine or penalty (*see Matter of 77 Realty, LLC v New York City Water Bd.*, 16 AD3d 247 [2005]; *cf. Matter of 770 Owners Corp./Allstate Realty Assoc. v City of N.Y. Dept. of Envtl. Protection*, 20 AD3d 572 [2005]).

We find merit, however, in the petitioner's claim that the respondents had no authority to take annual water surcharges into account in calculating the petitioner's wastewater charges for the period commencing July 1, 2000 and ending June 30, 2002. Specifically, during the relevant period, the New York City Water Board's water and wastewater rate schedule called for the assessment of a wastewater charge equivalent to 159% "of the charges for water supplied to [the subject] property." Effective July 1, 2002, however, the Water Board amended its rate

schedule to provide, in relevant part, that wastewater charges would be assessed based on 159% "of the charges for water supplied to [the subject] property . . . *including any surcharges*" (emphasis added). In an affidavit, the Water Board's treasurer explained that the italicized language had been "inadvertently" omitted from the applicable rate schedules in effect between July 1, 2000 and June 30, 2002, but that the Water Board nevertheless always intended water surcharges to be taken into account in calculating wastewater charges. Contrary to the respondents' contention, we decline to read into the relevant pre-July 1, 2002 rate schedules an intent that is not reflected in the plain regulatory language. Accordingly, we grant the petition to the extent indicated and remit the matter to the respondent New York City Department of Environmental Protection for a recalculation, in accordance herewith, of the petitioner's wastewater charges for the period beginning July 1, 2000 and ending June 30, 2002. To the extent that the decision of the Appellate Division, First Department, in *Haav 575 Realty Corp. v New York City Water Bd.* (38 AD3d 481 [2007]) calls for a different result, we disagree.

The petitioner's remaining contentions are without merit. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.