OPINION OF THE COURT
Philip G. Minardo, J.
*613 Petitioners Bayley Seton Hospital and Saint Vincent’s Catholic Medical Centers of New York (hereafter, collectively, Bayley Seton) move for a determination as to whether a resolution adopted by the New York City Water Board on March 4, 2005 violated “due process” and/or provided an adequate grace period following its implementation of a reduction in the period within which to contest water and sewer charges from six to four years, effective July 1, 2002. To the extent relevant, Bayley Seton had sought to challenge a water and sewage bill dated September 23, 1998 (hereafter, the bill) by the filing of a complaint with the City, its Water Board, and the New York City Department of Environmental Protection on or about July 29, 2003. In response, on or about December 3, 2003, the Department of Environmental Protection (hereafter DEP) issued a determination rejecting Bayley Seton’s request for a reduction as time-barred since the written complaint was not filed within four years from the date of said bill. Bayley Seton’s administrative appeal was rejected on February 20, 2004, when the Water Board ruled that effective July 1, 2002, it had reduced the period within which to file for a reduction in charges from six to four years. Notably, the six-year limitations period was in effect when petitioners received the bill at issue herein.[1]
Following the rejection of their administrative appeal, petitioners commenced this CPLR article 78 proceeding to review the Water Board’s determination of February 20, 2004. In a judgment dated January 5, 2005, this court granted so much of the petition as sought a reduction in water and sewer charges in the principal sum of $103,159.25 and, upon reargument, adhered to its prior determination, but vacated the monetary award and directed the Water Board to recalculate the charges and issue a proper refund, if any, to the petitioners, with interest calculated from the date of payment. On appeal, the Appellate Division reversed and remitted the matter back to this court for a determination of whether the Water Board acted *614 reasonably and afforded petitioners due process when it subsequently adopted a resolution providing for a three-month grace period within which to file for a reduction (Matter of Bayley Seton Hosp. v New York City Water Bd., 46 AD3d 553 [2007]). While holding that the Water Board’s retroactive application of the four-year period of limitations to petitioner’s bill was not arbitrary, capricious or irrational, the Appellate Division noted that considerations of due process required that potential claimants such as petitioners be granted a reasonable period within which, e.g., to file for a reduction before a “shortened” period of limitations took effect (id. at 556). On March 4, 2005, a significant time after the limitations period was reduced to four years, the Water Board finally issued a resolution which provided for a three-month grace period within which aggrieved bill payers could submit claims potentially barred by its four-year limitations period. On this state of the record, the Appellate Division remitted the case back to this court to determine, inter alia, whether the above resolution was (1) reasonable, (2) compatible with due process, or (3) arbitrary, capricious and an abuse of discretion. In response, petitioners moved with the assent of both respondents and the court for a determination of whether the resolution enacted by the Water Board on March 4, 2005 was violative of due process when applied to petitioners’ challenge to the water and sewer charges initiated on July 29, 2003, which had accrued during the time when the limitations period was six years.
The following facts are uncontroverted. The bill in question was issued on September 23, 1998, i.e., nearly four years prior to respondents’ reduction of the period of limitations within which to contest said bill to four years on July 1, 2002. Believing their challenge to be timely, petitioners first contested said bill on July 29, 2003, some 4 years, 10 months and 6 days after it was rendered. On December 3, 2003, the DEP denied said contest as untimely. The DEP’s decision was upheld by the Water Board on February 20, 2004, and on June 21, 2004, petitioners commenced this CPLR article 78 proceeding. On March 4, 2005, in response to this case and other pending litigation (see e.g. Matter of BETHCO Corp. v Tweedy, 7 Misc 3d 1011[A], 2004 NY Slip Op 51876[U] [2004]), the Water Board passed a resolution establishing a three-month grace period within which to contest bills that would have been barred under the new four-year limitations period. It is uncontested that this three-month grace period was adopted some two years, seven months *615 and three days after the implementation of the four-year period of limitations, and more than a year after petitioners’ administrative appeal was denied.
In support of their argument that they have been denied due process, petitioners allege that the resolution was enacted long after the purported “grace period” had expired. Thus, the purported relief was, in fact, illusory, as no city resident could have availed itself of the grace period when the resolution was adopted. In addition, petitioners note that the two-year limitations period made effective on July 1, 1999 specifically stated that the reduced period within which to challenge a bill would be applied prospectively only, but that the 2002 resolution reducing the limitations period to four years, although silent on the issue, has been applied retroactively, to deprive the city’s residents of due process.
In opposition, respondents note that under Public Authorities Law § 1045-g, the Water Board has broad authority to promulgate rules for the filing of billing complaints, and that the Board was acting in its capacity as a quasi-legislative agency in adopting the resolution that established the grace period. As a result, respondents contend that the Board is entitled to the same deference afforded to legislative bodies, thereby limiting the scope of judicial review to the question of whether the resolution at issue has a rational basis or is arbitrary and capricious. On this view of the case, respondents argue that the three-month grace period complied with “due process” based upon (1) the history of changes in the filing period, (2) the Water Board’s notification efforts, (3) its jurisdiction over the subject matter, and (4) the lack of any valid expectation on the part of ratepayers that they would be permitted to file a claim under the previous six-year filing period.
In reply, petitioners dispute each of these four arguments. Regarding the history of the filing period, petitioners note that when the limitations period was initially reduced to two years on July 1, 1999, such limitations period was applied prospectively only, thereby explicitly excluding the bill at issue in the present case. Accordingly, in the absence of words to the contrary, there was a reasonable basis upon which petitioners could expect that subsequent changes in the filing period would be applied prospectively as well.
With respect to the issue of notice, counsel for petitioners avers that he was present at the public hearings conducted before the Water Board prior to the implementation of the four- *616 year limitations period, and affirms that although the exact issue of whether the new limitations period would affect bills issued prior to July 1, 2002 was addressed, the Water Board declined to offer a direct response, and stated that it was unclear whether the implementing legislation overrode any intention it may have had to apply the new limitations period prospectively only.
With respect to the nature of the subject matter, it is argued that a not-for-profit hospital, which has recently survived a bankruptcy filing and provides necessary medical services to countless patients in New York City, can hardly afford to be overcharged in the amount of $100,000 for water which it did not use by an entity with rate-making authority and annual revenues that approach two billion dollars annually.
Finally, with respect to the argument that petitioners had no legitimate expectation that the six-year filing period would be retained for bills accruing prior to July 1, 2002, petitioners contend that all of the preceding arguments support just the opposite conclusion.
It is incontrovertible that due process protects “civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress [their] grievances” (Logan v Zimmerman Brush Co., 455 US 422, 429 [1982]). Moreover, the question of due process in a particular case is not amenable to the application of any mechanical code or formula, but requires an informed decision that strikes a careful balance between fundamental rights and the needs of an organized society (see Moore v East Cleveland, 431 US 494, 501 [1977]). Where a question of procedural due process is at issue, a distinction has been drawn between claims based on established state procedures, and those based, e.g., upon the unauthorized acts of state employees (Hellenic Am. Neighborhood Action Comm, v City of New York, 101 F3d 877 [2d Cir 1996], cert dismissed 521 US 1140 [1997]). With this in mind, the cases have held that where, as here, the alleged deprivation occurs as the result of established state procedure, the availability of a postdeprivation remedy does not necessarily satisfy the requirements of procedural due process (see Hudson v Palmer, 468 US 517, 531, 532 n 13 [1984]). Accordingly, where a limitations period has been shortened by state action, “Due Process requires that potential litigants be afforded a reasonable time ... for the commencement of an action before the bar takes effect” *617 (Brothers v Florence, 95 NY2d 290, 300-301 [2000] [internal quotation marks omitted], quoting Terry v Anderson, 95 US 628, 632-633 [1877]).
While standing alone, a three-month grace period such as that enacted by the Water Board gives the appearance of affording petitioners procedural due process, under the circumstances presented here, it clearly does not.[2] In this case, it cannot be said that petitioners were afforded a reasonable time within which to contest their water bill prior to the implementation of the four-year period of limitations, as there was no grace period in effect either when their challenge to the bill was rejected or this action was commenced. In fact, it was only after this court rendered its initial judgment that the Water Board adopted the subject grace period. Moreover, it is uncontroverted in the submissions before this court that high ranking officials of the Water Board voiced uncertainty as to the legality of the retroactive application of the four-year period of limitations as early as the hearing conducted on April 18, 2002, but that it waited 1 year, 7 months and 12 days after the bill in issue was contested before enacting the three-month grace period. Regrettably, this was some two years, eight months and three days after the four-year period of limitations took effect. Accordingly, and notwithstanding the strong presumption of validity that normally attaches to administrative decisions within the purview of the affected agency, it cannot be said that the uncertainty engendered by the Board’s total silence and inaction on the issue of retroactivity conforms with the notions of procedural due process which this court has sworn to protect. In the instant case, respondents’ belated attempt at addressing the due process issue was ill-advised at the outset, and illusory in practice.
The court has considered respondents’ remaining arguments and finds them to be without merit.
Accordingly, it is ordered and adjudged that the grace period provided in the resolution adopted by the New York City Water *618 Board on March 4, 2005 is violative of procedural due process as applied to petitioners; and it is further ordered that the issue of the contested bill is remitted to the Board to recalculate the sums actually due thereunder, and to issue a refund to the petitioners, if any is due, with interest calculated from the date of payment.

. From July 1, 1999 to July 1, 2001, the Water Board had in place a two-year filing period, which was applied only to complaints for bills issued after July 1, 1999. However, on or about October 23, 2001, the New York State Legislature adopted an amendment requiring a filing period of no less than six years from the date that a water bill was issued within which to register a complaint. On November 13, 2001, the six-year period of limitations was superseded when the New York State Legislature adopted a four-year filing period and made it effective retroactively to October 23, 2001. The Water Board formally adopted the four-year filing period effective July 1, 2002 but neglected at that time to provide for any grace period, and failed to state whether the new filing period would be applied to bills issued prior to October 23, 2001 or only subsequent to its effective date of July 1, 2002.

. In so holding, this court is aware that nisi prius has apparently held to the contrary in other similar cases (see e.g. Matter of Calvary Hosp. Inc. v Tweedy, 16 Misc 3d 1107[A], 2007 NY Slip Op 51326[U] [Sup Ct, Queens County 2007]; Matter of BETHCO Corp. v Tweedy, 7 Misc 3d 1011[A], 2004 NY Slip Op 51876[U] [2004]). In each of these cases notices of appeal have been filed, but it is unclear whether either has been perfected or abandoned.