■ In the Matter of BENJAMIN LIJO, Respondent, v NEW YORK CITY WATER BOARD et al., Appellants. [863 NYS2d 471]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Water Board dated June 2, 2006, imposing a water surcharge for the petitioner's failure either to install a water meter or request installation by June 30, 2000, and denying the petitioner's request to recalculate his wastewater charges for the period commencing July 1, 2000, and ending June 30, 2002, to exclude any water surcharges, the appeal is from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated March 8, 2007, which granted the petition and annulled the determination.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to annul so much of the determination as imposed a water surcharge for the petitioner's failure to either install a water meter or request installation by June 30, 2000, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a recalculation of the petitioner's wastewater charges for the period commencing July 1, 2000, and ending June 30, 2002, excluding any water surcharges.

A water surcharge was imposed on the petitioner for failing to either install a water meter or request the installation of a water meter by June 30, 2000. Wastewater charges, which took that surcharge into account, were subsequently imposed on the petitioner. After the Department of Environmental Protection twice upheld the water surcharge, the petitioner appealed to the New York City Water Board (hereinafter the Water Board), which upheld the water surcharge and also denied his request to recalculate his wastewater charges to exclude any water surcharges. The petitioner then commenced this proceeding pursuant to CPLR article 78. The Supreme Court granted the petition and annulled the determination of the Water Board, finding that it was arbitrary and capricious as a work order existed for the installation of a water meter at the subject property.

It is undisputed that no water meter was installed before the

June 30, 2000, deadline, and that the petitioner never submitted a request for a meter installation. Although a work order existed for the subject property, it was cancelled as of January 25, 1999, due to "imminent failure," meaning that the condition of the plumbing system was too poor to allow the installation. There is no evidence as to when the petitioner first learned that there was a work order in existence. Nor is there any evidence that the appellants failed to notify the petitioner that the work order was cancelled, or that the petitioner relied on the work order in failing to install a meter or request a meter installation. Given these facts, it cannot be said that the Water Board's determination was arbitrary and capricious, or an abuse of discretion (*see Matter of MHG Family Ltd. Partnership v New York City Water Bd.*, 46 AD3d 472 [2007]; *cf. Matter of 770 Owners Corp./Allstate Realty Assoc. v City of N.Y. Dept. of Envtl. Protection,* 20 AD3d 572 [2005]).

However, the petitioner correctly contends that his wastewater charge for July 1, 2000, through June 30, 2002, should not include the water surcharge. This Court recently found in *Matter of Pistilli Assoc. III, LLC v New York City Water Bd.* (46 AD3d 905 [2007]), that the municipal appellants had no authority to take annual water surcharges into account in calculating the petitioner's wastewater charge for the period from July 1, 2000, to June 30, 2002, because the plain regulatory language in effect during that period did not reflect an intent that water surcharges be taken into account in calculating wastewater charges. This Court found that during the relevant period, the Water Board's rate schedules called for the assessment of a wastewater charge equivalent to 159% of the charges for water supplied to the subject property, and the Water Board amended the rate schedule effective July 1, 2002, to provide that wastewater charges would be assessed based on 159% of the charges for water supplied to the subject property, including any surcharges.

Given this Court's recent decision in *Matter of Pistilli Assoc. III, LLC v New York City Water Bd.* (*id.*), we remit the matter to the Supreme Court, Kings County, for a recalculation of the petitioner's wastewater charges for the period commencing July 1, 2000, and ending June 30, 2002, excluding any water surcharges. Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.