■ In the Matter of CITYLIGHTS AT QUEENS LANDING, INC., Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents. [878 NYS2d 896]—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Water Board dated April 24, 2006, which confirmed a determination of the New York City Department of Environmental Protection dated June 6, 2005, upwardly adjusting charges for water and sewer services rendered between February 3, 2000 and February 3, 2004, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Elliot, J.), entered January 8, 2008, as denied the petition and dismissed the proceeding. Justice Angiolillo has been substituted for former Associate Justice Ritter (*see* 22 NYCRR 670.1 [c]).

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

"The courts have the power to review the [New York City] Water Board's determinations and may overturn determinations if the action is arbitrary and capricious, i.e., lacks a rational basis" (*Matter of Westmoreland Apt. Corp. v New York City Water Bd.,* 294 AD2d 587, 588 [2002]; *see* CPLR 7803 [3]; *Matter of Amalgamated Warbasse Houses, Inc. v Tweedy,* 33 AD3d 794, 795 [2006]; *Matter of Village of Scarsdale v New York City Water Bd.,* 15 AD3d 590, 591 [2005]). Since the Water Board's determination confirming the decision of the New York City Department of Environmental Protection was not arbitrary and capricious, that is, it had a rational basis, the Supreme Court properly rejected the petitioner's challenge (*see Matter of Amalgamated Warbasse Houses, Inc. v Tweedy,* 33 AD3d at 795;

*Matter of Bayley Seton Hosp. v New York City Water Bd.,* 46 AD3d 553, 556 [2007]; *Perry Thompson Third Co. v City of New York,* 279 AD2d 108, 115-116 [2000]).

The Supreme Court properly declined to consider the petitioner's contention that there was no multiplier error in computing the billing determination, as this issue was raised for the first time during the CPLR article 78 proceeding (*see Matter of Kaufman v Incorporated Vil. of Kings Point,* 52 AD3d 604, 607 [2008]; *Matter of Torres v New York City Hous. Auth.,* 40 AD3d 328, 330 [2007]), and was supported by evidence improperly submitted for the first time in reply papers (*see Rodriguez v Lloyd,* 233 AD2d 120 [1996]).

The petitioner's remaining contention is without merit. Spolzino, J.P., Miller, Angiolillo and Balkin, JJ., concur.