In the Matter of CLINTON MEWS OWNERS CORP., Respon-
dent, v NEW YORK CITY WATER BOARD et al., Appellants. [879
NYS2d 556]—

In a proceeding pursuant to CPLR article 78, inter alia, to
review a determination of the New York City Water Board dated
August 10, 2006, denying the petitioner's application to cancel a
bill for water and wastewater charges calculated on a frontage
basis dated February 29, 2000, and to re-bill for those charges
on a metered basis, the New York City Water Board, the City of
New York, and the New York City Department of Environmental
Protection appeal, as limited by their brief, from so much of a
judgment of the Supreme Court, Kings County (Vaughan, J.),
dated January 16, 2008, as granted the petition and directed
them to cancel the bill for water and wastewater charges
calculated on a frontage basis dated February 29, 2000 and to
re-bill for those charges on a metered basis.

Ordered that the judgment is reversed insofar as appealed
from, on the law, with costs, the determination is confirmed, the
petition is denied, and the proceeding is dismissed on the merits.

The petitioner received a bill, dated February 29, 2000, from
the New York City Department of Environmental Protection
(hereinafter the DEP), charging it for two years of water and
wastewater usage, calculated on a frontage basis (i.e., a flat rate

based on the frontage of the petitioner's building, rather than a rate based on actual usage). The petitioner alleges that in March 2000 its former attorney contacted the DEP by telephone and lodged a verbal complaint challenging the billing, as the rules of the New York City Water Board (hereinafter the Water Board) then permitted. On March 10, 2005 the petitioner's present attorney submitted a written complaint to the DEP, seeking to cancel the February 2000 bill and re-bill the charges on a metered basis. When this request was denied, the petitioner pursued an administrative appeal. On March 7, 2006 the DEP determined that the petitioner's request for a billing adjustment was time-barred because the petitioner did not file a complaint within four years after the date of the bill, as required by the applicable Water Board rules. The petitioner appealed this determination to the Water Board, and on August 10, 2006 the Water Board upheld the DEP's determination, concluding that the petitioner's written complaint was untimely.

The petitioner commenced the instant CPLR article 78 proceeding against the DEP, the Water Board, and the City of New York (hereinafter collectively the appellants), seeking to annul the August 10, 2006 determination. The petitioner contended that it had interposed a timely verbal complaint in March 2000 and that, in any event, the appellants had treated the petitioner differently from other similarly situated customers by applying the four-year limitations period to its written complaint. The Supreme Court granted the petition, and directed the appellants to cancel the February 2000 bill and to re-bill for those charges on a metered basis.

The challenged administrative determination must be upheld unless it was arbitrary and capricious or lacked a rational basis (see CPLR 7803 [3]; Matter of Westmoreland Apt. Corp. v New York City Water Bd., 294 AD2d 587, 588 [2002]). Although the petitioner's former attorney claimed that he telephoned the DEP regarding the petitioner's account on numerous occasions, his assertions lacked specificity and the DEP found them to be inconsistent with its own customer service records. In its March 7, 2006 decision, the DEP determined that, even if the former attorney made the alleged telephone calls, he did not specifically dispute the manner in which the February 2000 bill was calculated or request that the petitioner's account be converted to metered billing. That finding was not arbitrary and capricious, and it supported the conclusion that the petitioner did not submit a valid complaint challenging the February 2000 bill until March 10, 2005, which was beyond the four-year limitations period. Thus, the administrative determination had a

rational basis, and as a result, this Court may not disturb it (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Brannigan v Board of Commrs. of Great Neck Park Dist.*, 273 AD2d 231 [2000]).

Contrary to the petitioner's contention, it failed to demonstrate that the Water Board's determination enforcing the four-year limitations period in this case did not adhere to its own prior precedent or indicate the reason for reaching a different result on essentially the same facts (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516 [1985]; *Matter of Bayley Seton Hosp. v New York City Water Bd.*, 46 AD3d 553, 555-556 [2007]; *Matter of Civic Assn. of Setaukets v Trotta*, 8 AD3d 482, 483 [2004]). The decisions in other matters cited by the petitioner are based on facts distinguishable from those present in this case. Thus, the administrative determination was not arbitrary and capricious or irrational on the ground of inconsistent application (*see Matter of Bayley Seton Hosp. v New York City Water Bd.*, 46 AD3d at 556).

Accordingly, the Supreme Court should have confirmed the administrative determination, denied the petition, and dismissed the proceeding on the merits. Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.