Matter of Jaman Realty, LLC v New York City Water Bd. (2022 NY Slip Op 03516)





Matter of Jaman Realty, LLC v New York City Water Bd.


2022 NY Slip Op 03516


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2019-14215
 (Index No. 524479/18)

[*1]In the Matter of Jaman Realty, LLC, respondent-appellant,
v
New York City Water Board, et al., appellants-respondents.


Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Ellen Ravitch of counsel), for appellants-respondents.
Koffsky Schwalb LLC, New York, NY (Steven A. Weg of counsel), for respondent-appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a final determination of the New York City Water Board dated August 17, 2018, which held, in effect, that its review of certain water and wastewater bills issued to account number 6000261573001 prior to June 1, 2013, was barred by the four-year limitations period set forth in New York City Water Board's Rate Schedule, the New York City Water Board and the New York City Department of Environmental Protection appeal, and the petitioner cross-appeals, from a judgment of the Supreme Court, Kings County (Katherine Levine, J.), dated November 1, 2019. The judgment, insofar as appealed and cross-appealed from, granted the petition to the extent of modifying the final determination of the New York City Water Board so as to provide, in effect, that its review of the subject bills issued to the subject account prior to June 27, 2012, was time-barred.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof granting the petition to the extent of modifying the final determination of the New York City Water Board so as to provide, in effect, that its review of the subject bills issued to the subject account prior to June 27, 2012, was time-barred, and substituting therefor a provision granting the petition to the extent of modifying the final determination of the New York City Water Board so as to provide that its review of the subject bills issued to the subject account prior to April 5, 2013, was time-barred; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The New York City Water Board (hereinafter Water Board) and the New York City Department of Environmental Protection (hereinafter DEP) appeal, and the petitioner cross-appeals, from a judgment of the Supreme Court which granted the petitioner's CPLR article 78 petition to review a final determination of the Water Board which held, in effect, that its review of certain water and wastewater bills issued to account number 6000261573001 (hereinafter account #3001) prior to June 1, 2013, was barred by the four-year limitations period set forth in the Water Board's Rate Schedule, to the extent of modifying the determination so as to provide, in effect, that the Water Board's review of the subject bills issued to the subject account prior to June 27, 2012, was time-barred.
In a final determination dated August 17, 2018, the Water Board determined that account #3001 had been overcharged, but that the failure to file a properly authorized written complaint of disputed water and wastewater bills in compliance with the complaint resolution procedures, as set forth in the Water Board's Rate Schedule, prior to June 1, 2017, precluded the adjustment of the those bills issued to the account prior to June 1, 2013. More specifically, the Water Board determined that complaints submitted on behalf of the petitioner to DEP Bureau of Customer Services Office of Ombuds (hereinafter Office of Ombuds) in May 2015 and March 2016 did not constitute formal billing complaints pursuant to the Water Board's Rate Schedule and that a billing complaint filed on behalf of the petitioner on April 5, 2017, was invalidated by the lack of an acceptable letter of authorization which was not received until June 1, 2017.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the final determination of the Water Board. The Supreme Court granted the petition to the extent of modifying the determination so as to provide that those bills issued to the account prior to June 27, 2012, which was four years prior to June 27, 2016, the date that the petitioner's representative was informed by the Office of Ombuds that the dispute should be pursued through the formal appeal process, were time-barred from review.
A court has the power to review an administrative determination made by the Water Board and may overturn such a determination if it is arbitrary and capricious or lacks a rational basis (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231; Matter of Maimonides Med. Ctr. v New York City Water Dept., 164 AD3d 1342, 1343; Matter of Clinton Mews Owners Corp. v New York City Water Bd., 62 AD3d 872, 873).
Here, so much of the Water Board's determination as concluded that its review of water and wastewater bills on account #3001 issued prior to April 5, 2013, was barred by the four-year limitations period set forth in the Water Board's Rate Schedule, for the petitioner's failure to file a written complaint pursuant to the complaint resolution procedures set forth in the Rate Schedule prior to April 5, 2017, was not arbitrary and capricious (see Public Authorities Law § 1045-g[4]; Matter of Maimonides Med. Ctr. v New York City Water Dept., 164 AD3d at 1343; Orfali v City of New York, 155 AD3d 869, 869; Matter of Clinton Mews Owners Corp. v New York City Water Bd., 62 AD3d at 873-874).
However, so much of the Water Board's determination as concluded that its review of water and wastewater bills on account #3001 dated on or after April 5, 2013, but prior to June 1, 2013, was barred by the four-year limitations period set forth in the Water Board's Rate Schedule, for the petitioner's failure to file an acceptable letter of authorization, was arbitrary and capricious, since the letter informing the petitioner that a prior letter of authorization was unacceptable provided, inter alia, "[u]pon receipt of the appropriate document(s) required[,] DEP will complete the review and/or adjustments and notify the appropriate parties. Please comply within 30 days of the date of this letter or the complaint will be closed" and the petitioner filed an acceptable letter of authorization within 30 days of the letter.
Accordingly, the Supreme Court should have granted the petition to the extent of modifying the final determination of the Water Board so as to provide that its review of the subject bills issued to account #3001 prior to April 5, 2013, is time-barred.
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court