Matter of New York Presbyt. Hosp. v New Yok City Water Bd. (2022 NY Slip Op 06870)

Matter of New York Presbyt. Hosp. v New Yok City Water Bd.

2022 NY Slip Op 06870

Decided on December 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 01, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Index No. 157037/18 Appeal No. 16776 Case No. 2022-00002 

[*1]In the Matter of New York Presbyterian Hospital, Petitioner-Respondent,
v
New Yok City Water Board et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for appellants.
Worbel Markham, LLP, New York (Jodie Gerard of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J.), entered October 13, 2021, which, upon reargument, adhered to so much of a judgment (denominated an order), entered on or about October 24, 2019, granting the petition to annul a determination of respondents, dated March 29, 2018, which denied review of petitioner's complaint regarding a water bill as time-barred, unanimously reversed, on the law, without costs, the determination reinstated, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Supreme Court incorrectly concluded that it did not overlook applicable law in finding that petitioner's complaint regarding a water bill issued August 7, 2012 was not time-barred (see CPLR 2221 [d] [2]). Under Part VIII, Section 2 of the New York City Water Board Water and Wastewater Rate Schedule, customers seeking to dispute a water and wastewater bill "must file a written complaint . . . within four years of the Bill Date to DEP/BCS Customer Service" at an address in Elmhurst, New York. Petitioner's letter dated April 13, 2016 addressed to a Ms. Barbara Baird at respondent New York City Department of Environmental Protection's (DEP) Ombudsman Unit did not constitute a timely complaint, as nothing in the Rate Schedule indicated that correspondence with the Ombudsman Unit served as a means to initiate the complaint resolution process. While petitioner contends that DEP instructed it to direct its complaint to Baird as the DEP employee designated to address complaints about hospital bills, and that Baird accepted and responded to its letter, Baird's email dated May 19, 2016 expressly referred petitioner to Part VIII, Section 2 of the Rate Schedule for the formal complaint resolution process, which petitioner did not follow. Because respondents' determination that petitioner's complaint was untimely was not arbitrary and capricious or contrary to law or procedure (see Matter of Jaman Realty, LLC v New York City Water Bd., 206 AD3d 656, 657 [2d Dept 2022]; see also Barrett Japaning, Inc. v Bialobroda, 190 AD3d 544, 545 [1st Dept 2021]), the court should have denied the petition to annul the determination, reinstated the determination, and dismissed this proceeding.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2022