Matter of Big Six Towers, Inc. v New York City Water Bd. (2023 NY Slip Op 02659)

Matter of Big Six Towers, Inc. v New York City Water Bd.

2023 NY Slip Op 02659

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-00794
 (Index No. 705190/20)

[*1]In the Matter of Big Six Towers, Inc., respondent,
v
New York City Water Board, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton, Claibourne Henry, and Amy McCamphill of counsel), for appellants.
Koffsky Schwalb, LLC, New York, NY (Steven A. Weg of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a final determination of the Executive Director of the New York City Water Board dated December 10, 2019, which confirmed a decision of the New York City Department of Environmental Protection dated July 30, 2019, denying an application to reduce certain water and wastewater charges, the appeal is from a judgment of the Supreme Court, Queens County (Janice A. Taylor, J.), entered December 29, 2020. The judgment granted the petition, in effect, annulled the determination dated December 10, 2019, and remitted the matter for a recalculation of the petitioner's bill as an under-billed service subject to a two-year limitation period for back billing.
ORDERED that the judgment is affirmed, with costs.
The petitioner is a Mitchell-Lama cooperative housing corporation that owns a housing complex containing seven buildings with 988 residential units. The New York City Department of Environmental Protection (hereinafter the DEP), an agent of the New York City Water Board (hereinafter the Water Board), provides water to all seven buildings in the complex through a single service connection. From at least 2001, the DEP billed the petitioner for water and wastewater on a single account. In February 2014, the DEP converted the petitioner's billing from metered billing to billing through the Water Board's Multi-family Conservation Program (hereinafter MCP), which sets fixed annual water and wastewater charges as determined by the number of units. In 2018, the DEP realized that it had been billing the petitioner for only 706 of its 988 residential units, and back billed the petitioner for water and wastewater service provided to the additional 282 units, in effect, going back four years.
In a letter dated February 27, 2019, the petitioner disputed the bill, contending, inter alia, in effect, that pursuant to the Water Board's rate schedule and related rules, the bill was not for unbilled service, which was subject to a four-year limitation period for back billing, but instead was for an under-billed service, which was subject to a two-year limitation period for back billing. When this request was denied, the petitioner pursued administrative appeals with the DEP, which were denied. In August 2019, the petitioner appealed to the Executive Director of the Water Board. In a letter dated December 10, 2019, the Executive Director of the Water Board denied the appeal and affirmed the DEP's billing determination upon finding that, pursuant to the Water Board's rate schedule, the bill was for unbilled service subject to the four-year limitation period. In the letter, the [*2]Executive Director of the Water Board stated, inter alia, that "[u]nder the MCP, annual fixed charges for service are based on the number of dwelling units. At the time of conversion, however, MCP charges were billed for only 706 of the property's 988 dwelling units."
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the December 10, 2019 determination. The Supreme Court granted the petition, in effect, annulled the determination, and remitted the matter for recalculation as an under-billed service subject to a two-year limitation period for back billing. The Water Board and the DEP appeal.
"The courts have the power to review the [New York City] Water Board's determinations and may overturn determinations if the action is arbitrary and capricious, i.e. lacks a rational basis" (Matter of Maimonides Med. Ctr. v New York City Water Dept., 164 AD3d 1342, 1343 [internal quotation marks omitted]; see Matter of Westmoreland Apt. Corp. v New York City Water Bd., 294 AD2d 587, 588; see also CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231). Here, the Supreme Court properly found that the Water Board's determination was arbitrary and capricious (see Matter of 770 Owners Corp./Allstate Realty Assoc. v City of N.Y. Dept. of Envtl. Protection, 20 AD3d 572, 573; Matter of Rochdale Vil., Inc. v New York City Water Bd., 18 AD3d 664; Matter of Mutual Redevelopment Houses v New York City Water Bd., 279 AD2d 300). The Water Board's rate schedule provided that "'Unbilled Service' means service was provided to a property and no billing transaction(s) for that service period was posted to the records of either" the Water Board or the DEP (emphasis added). However, in this case, as the Executive Director of the Water Board, in effect, acknowledged in his December 10, 2019 letter, the property had been billed for some of the service provided. Thus, the DEP's failure to bill for all of the service provided could not rationally meet the definition of "Unbilled Service." Accordingly, the court properly granted the petition and remitted the matter for a recalculation of the petitioner's bill as an under-billed service subject to a two-year limitation period for back billing.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court